| 34 | 75 |
| 34 | 425 |
| 34 | 586 |

STATE, RESPONDENT, *v.* MORRISON, APPELLANT.

(No. 2,231.)

(Submitted February 27, 1906.  Decided March 26, 1906.)

*Criminal Law—Appeal—Record—Briefs—Instructions.*

Criminal Law—Appeal—Record—Bill of Exceptions—Settlement—Notice.
   1.  Where it does not appear, on appeal in a criminal case, that the statutory notice (Penal Code, sec. 2171; Laws 1903, p. 47) had been given to the county attorney as to the time when the draft of the proposed bill of exceptions would be presented to the district judge for settlement, or that the state had waived such notice, the bill will not be considered by the appellate court.

Criminal Law—Record—Questions Reviewable—Admissibility of Evidence.
   2.  Where, on appeal in a criminal case, the evidence is not in the record, alleged errors in respect to the admission of evidence will not be considered.

Criminal Law—Appeal—Briefs—Instructions.
   3.  Where the brief of appellant in a criminal case fails to comply with Rule X, subsection 3b, providing that, where error is alleged in the charge of the court, the instructions given or refused shall be set out in the specifications *in totidem verbis,* errors so assigned will not be considered.

Criminal Law—Record—Manner of Bringing up on Appeal.
    4.  The "record of the action" in a criminal case, as defined in Penal Code, section 2229, cannot be brought up on appeal in the body of a bill of exceptions.

Civil Actions—Appeal—Records—Judgment-roll—Bill of Exceptions.
    5.  *Obiter*: The judgment-roll in a civil case may not be brought to the supreme court on appeal in the body of a bill of exceptions.

Criminal Law—Review—Invited Error—Instructions.
    6.  Errors in instructions given at the request of the defendant in a criminal case may not be complained of by him on appeal.

*Appeal from District Court, Silver Bow County; Michael Donlon, Judge.*

ELIZABETH MORRISON was convicted of the crime of manslaughter. She appeals from the judgment of conviction and from an order denying her a new trial. Affirmed.

*Mr. A. J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

Under the Act of February 23, 1903, Laws of 1903, page 47, "the only method of preserving for review by the supreme court on appeal, any proceedings, evidence or matter not designated by the Penal Code as part of the record on appeal without bill of exceptions shall be by bill of exceptions prepared and settled under either section 2171 of the Penal Code or this Act, as one or the other may be appropriate." The record in this case consists wholly of that which is denominated "statement on motion for a new trial," but under this law, the proper designation is a "bill of exceptions."

The record or judgment-roll on an appeal by the defendant in a criminal action, as provided for in section 2229 of the Penal Code, answers and serves the purpose of a judgment-roll, as provided for in civil actions. Instructions given or refused properly constitute a part of the judgment-roll, and none of the papers which by the provisions of said section 2229 constitute a part of the record have any place whatsoever in a bill of exceptions, or what is the same thing, a statement on motion for a new trial. Such papers can only be brought to the attention of the court in the manner provided by law—that is,

they must appear in the judgment-roll. But here there is no judgment-roll, only a bill of exceptions. The certificate of the clerk to the effect that the foregoing is a true and correct copy of the judgment-roll does not have the effect of making the papers which precede it a judgment-roll in this case, for those papers, as well as this certificate, are incorporated in the bill of exceptions. There being no judgment-roll or record here, the court cannot consider the assignment of errors as to the instructions or any papers which belong only in the judgment-roll. (*Featherman* v. *Granite Co.,* 28 Mont. 462, 72 Pac. 972; *Butte M. & M. Co.* v. *Kenyon,* 30 Mont. 314; 76 Pac. 696, 77 Pac. 319; *Glavin* v. *Lane,* 29 Mont. 228, 74 Pac. 406; *Shropshire* v. *Sidebottom,* 30 Mont. 406, 76 Pac. 941; *State* v. *Mason,* 18 Mont. 362, 45 Pac. 557, and cases cited.)

The "notice of at least two days," mentioned in section 2171 of the Penal Code, refers to the presentation of the bill of exceptions to the judge for settlement, and not to the service of the copy of the bill; and these provisions of the section "are mandatory, and where the record on appeal does not show affirmatively that such notice was given the bill of exceptions will not be considered." (*State* v. *Stickney,* 29 Mont. 523, 75 Pac. 201; *State* v. *Moffatt,* 20 Mont. 371, 51 Pac. 823; *State* v. *Gawith,* 19 Mont. 48, 47 Pac. 207.)

The record in the case at bar does not contain any evidence whatsoever that any notice was given to the opposing counsel of the presentation of his bill of exceptions (statement on motion for a new trial) to the judge for settlement, though it does appear that a copy of the bill had been served upon the county attorney several days prior to the date when the judge settled the bill.

By reason of these errors, the court cannot consider any matters contained in this bill of exceptions or statement on motion for a new trial, and if the bill of exceptions is disregarded, there is no record before the court whatsoever.

*Mr. J. Bruce Kremer,* and *Mr. Edwin S. Booth,* for Appellant.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal by the defendant from a judgment of conviction of the crime of manslaughter and from an order denying defendant's motion for a new trial.

1. Appellant has attempted to set out in her brief thirty specifications of error. The bill of exceptions used in this case, which is called "a statement on motion for a new trial," being that which was used on motion for new trial, cannot be by us considered. The point is raised by the respondent and is well taken, to-wit: That it does not appear that any notice was given to the county attorney as to the time when the draft of the bill would be presented to the judge for settlement, and it does not appear that the state in any way waived notice. (*State v. Kremer, ante,* p. 6, 85 Pac. 736.)

2. Specifications of error 1 to 17, inclusive, as set out in appellant's brief, refer to alleged errors of the court in respect of the evidence and the introduction thereof. The evidence not being before us, having been stricken out as aforesaid, these specifications cannot be considered. The remaining specifications, 18 to 30, inclusive, pertain to the giving and refusing of instructions. As to them it is sufficient to say that the brief of appellant fails to comply with Rule X, subsection 3b (30 Mont. xxxviii, 82 Pac. x), requiring that instructions shall be set out in the specifications *in totidem verbis;* and for this reason, as heretofore so frequently said by this court, defendant has not the right to have these specifications considered.

3. There is not any record of the action before this court in the transcript. The transcript on page 1 commences with "Statement on Motion for a New Trial," and contains, with the evidence and other things, what is certified in the body of the statement to be the "judgment-roll." What is called the statement is, as we have seen in the first paragraph of this opinion, stricken out. Therefore there is not anything before the court in the form of a record or transcript. Neither the

"record of the action" in a criminal case (as defined in section 2229, Penal Code), nor the judgment-roll in a civil case, can be brought up in the body of a bill of exceptions.

4. Notwithstanding the condition of the transcript, as before set forth, we have examined into the matter of the alleged specifications of error, so far as we have been able to do it, from 18 to 30, inclusive, on the appeal from the judgment, assuming that "the record of the action," if it were before us, would be identical with the "judgment-roll" as contained in the bill of exceptions, and find that several of the instructions given and complained of were given at the request of the defendant, and therefore, however erroneous or prejudicial they may be, she may not object to them.   We find, further, as to the rest of the instructions given and refused and cited as error, that the court did not commit any error prejudicial to the defendant.

The judgment and the order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.