STATE, RESPONDENT, *v.* FARRISS, APPELLANT.

(No. 2,310.)

(Submitted October 2, 1906. Decided October 22, 1906.)

*Criminal Law—Appeal—Record.*

Criminal Law—Record—Appeal—When Merits will not be Considered.
 1.    The merits of an appeal in a criminal case will not be considered where the papers constituting the record are included in a bill of exceptions and not certified as the record, nor identified in any way by the certificate of the clerk of the district court or the trial judge.
Same.
 2.    The supreme court will not hesitate to dismiss an appeal in a criminal case on the ground that the proper record is not before it, where appellant's attention had been called to the defect by the state's brief for a period of two months prior to the day of hearing, without any attempt on his part to have the record corrected so as to conform to the requirements of the statute.

*Appeal from District Court, Silver Bow County; Michael Donlon, Judge.*

SHABIN FARRISS was convicted of assault in the first degree. He appeals from the judgment and from an order denying him a new trial.

*Mr. Edwin S. Booth,* and *Mr. H. A. Frank,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

Mr. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was convicted of assault in the second degree and sentenced to a term of three years in the state prison. He has appealed from the judgment and an order denying him a new trial.

The attorney general makes the contention that the appeals may not be considered on their merits, for the reason that the transcript filed in this court does not contain an authenticated copy of the record of the trial in the district court, but a bill of exceptions only, settled, signed, and allowed by the judge who tried the cause. We think the contention must be sustained. Section 2229 of the Penal Code provides how the record shall be made up. The papers constituting the record proper cannot be brought up in a bill of exceptions, but must be certified up by the clerk as the record. (Penal Code, sec. 2281; *State* v. *Morrison, ante,* p. 75, 85 Pac. 738.)

In the transcript before us are what purport to be the papers constituting the record proper; but they are included in the bill of exceptions, and are not certified as the record, nor are they identified in any way by the certificate of the clerk or judge. Such being the case, there is no legal evidence before this court of what the action of the district court was, and consequently the merits of the appeals may not be considered. We more readily sustain the position of the attorney general because of the fact that though his brief has been on file since August 8th, and the appellant has been fully aware of the contention, he has not asked this court to have the record corrected so as to conform to the requirements of the statute.

There being nothing before this court upon which an examination of the appeals upon their merits may be had, the judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.