[No. 10,390.]

### THE PEOPLE v. EDWARD HICKS.

CREDIBILITY OF WITNESS—TESTIMONY WILLFULLY FALSE.—An instruction that if the jury "believed any witness had, upon the stand, willfully sworn falsely in respect to any matter material to the issue on trial, they should disregard his testimony altogether," was properly refused.

APPEAL from the District Court of the Fifteenth Judicial District, San Francisco.

The defendant was indicted for the murder of one William Page, and convicted of murder in the second degree. The appeal from the order denying a new trial having been dismissed at the argument of the cause, the case was considered upon the judgment roll. The material facts appear in the opinion.

*Geo. W. Tyler*, for Appellant, argued that the weight of authority was in favor of the instruction, which was refused, as stated in the opinion: citing 2 Pothier on Obligations, 227; *People* v. *Strong*, 30 Cal. 156; *Santissima Trinidad*, 7 Wheat. 339; *People* v. *Brennan*, 15 Ill. 511; *State* v. *Dwire*, 25 Mo. 553; *Marshall* v. *McGraw*, 19 Oh. 555; *Callanan* v. *Shaw*, 24 Iowa, 441.

*Attorney-General Hamilton*, for Respondents.

By the Court, CROCKETT, J.:

At the trial, the Court instructed the jury in the words of subd. 3 of sec. 2061 of the Code of Civil Procedure, that " a witness false in one part of his testimony is to be distrusted in others." But the counsel for the defendant asked the Court to charge the jury " that if they believed any witness had, upon the stand, willfully sworn falsely in respect to any matter material to the issue on trial, that they should disregard his testimony altogether." The Court refused to give the instruction, and this refusal is relied upon as error.

In *People* v. *Sprague, post, p.* 491, we held that the correct interpretation of subd. 3 of sec. 2061 of the Code of Civil Procedure is, that a witness *willfully* false in one part of his testimony is to be distrusted in others. Assuming this to be the correct construction, the effect of this provision is that if a witness is willfully false in one portion of his testimony he " is to be distrusted in others "; and not that his whole testimony is to be absolutely rejected. If the rule was otherwise at common law, the Code has changed it.

The instruction asked was correctly refused.

Judgment affirmed.

Mr. Justice RHODES did not express any opinion.