[No. 10,376.]

# THE PEOPLE *v.* F. A. SPRAGUE.

INSUFFICIENT GROUNDS OF CONTINUANCE.—In this case the District Court was justified in denying a motion for a continuance.

PUBLIC TRIAL — EXCLUDING JURORS NOT EMPANNELED. — An order excluding from the Court-room such of the jurors summoned for the term as are not empanneled to try the case is not a deprivation of the right of public trial.

EXCLUDING WITNESSES. — The Trial Court may make an order excluding from the Court-room all the witnesses but the witness under examination.

IMPEACHING VERDICT BY AFFIDAVIT.—An affidavit of a juryman is not receivable to impeach his verdict.

WITNESS FALSE IN ONE PART.—It is not error to refuse an offered instruction—"a witness false in one part of his testimony is to be distrusted in others," when an instruction is given in these words: "A witness willfully false in one part of his testimony is to be distrusted in others."

FAILURE TO READ INDICTMENT.—The failure of the Clerk of the Court to read the indictment and to state the defendant's plea was not fatal.error— it appearing that the jury were, from the commencement of the trial, fully informed of the precise charge against the defendant, and of the issue raised by his plea of not guilty.

TECHNICAL ERRORS.—On hearing an appeal this Court will give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of a defendant

APPEAL from the District Court of the First Judicial District, Ventura County.

The defendant was indicted with several others for the murder of Thomas Wallace More. The deceased claimed the title to a large tract of land upon which the defendants were living under a claim of title adverse to him. There was evidence showing a bitter state of feeling on the part of the defendants towards the deceased, growing out of long and vexatious litigation, together with efforts on his part to eject the defendants. About one o'clock A. M., March 24th, 1877, More's barn was set on fire; he went out of his dwelling to investigate the matter,

and while out was set upon by several armed men in disguise, and was killed. The defendant was indicted June 7th, 1878, and was put upon his trial July 10th, 1878. He moved for a continuance upon three grounds, to wit:

1. That certain material witnesses, particularly one Frank Davis, were absent, and he had not been able to procure their attendance; that the said Davis, who was in defendant's employ, was at the house of defendant on the night of the murder, and would testify that defendant was at home all that night.

2. That the defendant had been so closely confined to the jail, and watched by the officials, since his arrest, that he had not been allowed to consult his counsel sufficiently, and prepare for his trial—the time being insufficient even with full opportunities for preparation.

3. That an excited and highly prejudiced state of feeling was prevalent at the time in the community generally against the defendant, in consequence of which he was apprehensive that any jury by whom he might be tried at that time would be so biased as to prevent his receiving a fair and impartial trial, which excitement and prejudice, he believed, would so far subside by the next term of Court that he could then submit to a trial with a reasonable expectation of meeting with full and impartial justice, and "although this might properly be ground on which to move for a change of venue, yet the number and poverty of the witnesses, as well as his own poverty, effectually preclude a change of the place of trial from this to any other county without imposing expenses upon his witnesses which neither they nor affiant are able to bear."

Affidavits were filed on behalf of the prosecution, showing that the defendant had been allowed the fullest opportunity to consult his counsel and prepare for trial; that when called as a witness before the grand jury the defendant had testified that there was no one at his house on the night of the murder except the members of his own family. The motion was denied. The Court, at the trial, made an order excluding from the Court-room such of the jurors summoned for the term as were not empanneled, and also an order excluding from the Court-room all the witnesses (including the wife and daughter of defendant)

except the one under examination. The defendant objected to these orders, upon the ground that they had the effect to deprive him of a public trial. The jury returned a verdict of guilty. Subsequently the defendant moved to set it aside, in order that he might show that the trial had not been conducted according to the forms of law, in that the Deputy Sheriff had made improper communications to the jury. In support of the motion he offered the affidavit of a juror, which was excluded. The defendant moved for a new trial, which was denied, whereupon he appealed. The other facts are stated in the opinion.

*Creed Haymond, James D. Fay, Hines & Brooks, N. C. Bledsoe,* and *W. W. Allen,* for Appellant.

*Attorney-General Hamilton, J. Hamer, L. C. Granger, W. F. Williams, Frank Ganahl, B. F. Williams, James G. Howard,* and *N. Blackstock, Jr.,* for Respondent.

By the Court, McKINSTRY, J.:

The Court below was justified in denying defendant's motion for a continuance.

The order excluding such of the jurors as were not empanneled to try the case was not a deprivation of the right of *public trial.*

The wife and daughters of defendant were witnesses, and were properly included within the order which excluded from the Court-room all witnesses but the one under examination.

The Court properly held that the affidavit of a juror could not be received to impeach his verdict, and the alleged communication of the Deputy Sheriff (if it could be considered as proved) was utterly unimportant, and could not have influenced the verdict.

Defendant requested the Court to charge the jury: "A witness false in one part of his testimony is to be distrusted in others."

The Court gave the instruction, after inserting the word "willfully" immediately before the word "*false,*" and refused to give the charge as asked, to which the defendant excepted.

The maxim, "*falsus in uno, falsus in omnibus*," is not to be construed as authorizing a Court to charge that if a witness *perjures* himself in respect to one or more particulars, the jury must reject all his testimony. (*People* v. *Strong*, 30 Cal. 156.) The rule is that the jury *may* reject the whole of the testimony of a witness who has willfully sworn falsely as to a material point; that is to say, the jury, being convinced that a witness has stated what was untrue, not as the result of mistake or inadvertence, but willfully and with the design to deceive, must treat all his testimony with distrust and suspicion, and reject all unless they shall be convinced, notwithstanding the base character of the witness, that he has in other particulars sworn to the truth. The third subdivision of sec. 2061 of the Code of Civil Procedure is but declaratory of the rule above considered, and by requiring a jury to distrust, necessarily authorizes them to reject all the testimony of such a witness, in a proper case. The word " false " is not the equivalent of " mistake," as contended for by defendant's counsel; the word " willfully " did not change the effect of the instruction as offered.

After the jury was empanneled and sworn, the Clerk did not (as directed by sec. 1093 of the Penal Code) read the indictment and state defendant's plea. It appears from the bill of exceptions, however, that during the empanneling of the jury the substance of the indictment and plea were many times repeated; that in opening the case to the jury the District Attorney stated the substance of the indictment and also defendant's plea thereto; that in the charge of the Court the substance of the indictment and plea were again mentioned; and that the defendant made no objection to proceeding with the trial by reason of the failure of the Clerk to read the indictment or to state the plea, nor in any way referred to the omission until after the verdict had been received and entered on the minutes, and the jury polled at defendant's request. Sec. 1404 of the Penal Code provides :

" Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a

substantial right"; and sec. 1258 of the same Code is as follows:

"After hearing the appeal, the Court must give judgment, without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

There can be no doubt that the jury were fully informed from the commencement of the trial of the precise charges against the defendant, and of the issue raised by his plea of " not guilty."

The departure from the form or mode of presenting the issue prescribed by the statute did not prejudice or tend to prejudice the defendant in respect to a substantial right, and it is therefore the duty of this Court to give judgment without reference to an irregularity—the result of such departure.

Judgment and order affirmed.