## CAMERON, Appellant, *v.* WENTWORTH, Respondent.

[No. 1,103.]

[Submitted April 26, 1899. Decided June 22, 1899.]

*Trial—Instructions—Jury—Credibility of Witnesses — Replevin.*

1. An instruction which authorizes a jury to disregard the entire uncorroborated testimony of a witness, in cases where it is "probable" that he has deliberately and intentionally testified falsely as to some material matter, is bad, as authorizing the jury to judge of the effect of evidence arbitrarily.

*Obiter.*—The power of a jury to form a judgment upon evidence is always confined within the exercise of legal discretion, and in subordination to the rules of evidence.

2. Nor would the instruction be improved by use of the word "palpable," as the power of the jury would thereby be circumscribed by limiting their right to discard the testimony of a witness to those instances only where it is palpable the witness has testified falsely, and is not corroborated by other evidence.

3. Code of Civil Procedure, Sec. 3390, Subd. 3, which provides "that a witness false in one part of his testimony is to be distrusted in others," requires the jury to distrust only a witness who willfully swears falsely as to material matters.

4. To maintain an action in claim and delivery, plaintiff must plead and prove his right to the immediate possession of the property at the time of the commencement of the action. Allegations of these essential facts may be by stating the particular facts which entitle plaintiff to immediate possession.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

ACTION by Duncan Cameron against George Wentworth. Verdict and judgment for plaintiff. From an order granting a new trial, plaintiff appeals. Affirmed.

*Mr. H. G. McIntyre,* for Appellant.

It was contended by the defendant in the court below that said complaints do not state facts sufficient to show that the plaintiff was entitled to the immediate possession of the animals in dispute at the time the suits were instituted. The allegations of the complaint in action No. 3727 are to the effect that the plaintiff is the owner of the animal sued for; that theretofore he had delivered said animal to the defendant Wentworth for racing purposes under an agreement to be

terminated at the option of either party; that without the consent and against the will of the plaintiff said defendant Wentworth started with said animal for St. Paul and at the time of the commencement of the action was enroute with her to that place; that after these acts of Wentworth plaintiff declared said agreement at an end and demanded possession of said animal, but that said defendant still unlawfully withholds and detains the same. The allegations of the complaint in actions numbered 3735 are in effect that plaintiff was the owner and on the 21st day of August, 1896, (the day prior to the commencement of the action) entitled to the possession of the animal sued for; that on said day he had demanded possession of said animal, which was refused.

Conceding the allegations of these complaints to be true, as we must, it is difficult to see wherein they do not state facts sufficient to constitute a cause of action. (*Rutan* v. *Wolters*, 48 Pac. 385.)

In the first case plaintiff was the owner of the animal, but had parted with the actual possession under an agreement which he was at liberty to terminate at any time; the defendant was asserting ownership in himself; plaintiff terminated the agreement and demanded possession, which defendant refused; and in the second case plaintiff was the owner and entitled to the possession of the animal at the date he made demand therefor, which was the day prior to the filing of his complaint. If sufficient facts are stated to constitute a cause of action, a pleader is not required to make the bold assertion that such cause of action exists in his favor. Nor does good pleading require the allegation of a conclusion arising from the facts stated. (*Gage et al.* v. *Wayland*, 67 Wis. 566.) But irrespective of this, it is clear that an issue as to the immediate right of possession was raised by the answer, and consequently the court in overruling the objection to the admission of any evidence under said complaints was correct. For even if it be conceded that the complaints were defective in the respect stated (which, however, is not done), such defect, if any, was cured by the allegations of the answer. It

is a familiar rule that a defective complaint may be aided by answer. (*Crowder* v. *McDonald*, 54 Pac. 43; *Schenck* v. *Insurance Co.*, 71 Cal. 28; *Wilson* v. *Sax* (Mont.) 54, Pac. 46; *Shively* v. *Semi-Tropic, etc. Co.*, 33 Pac. 848; Pomeroy, on Remedial Rights, Sec. 579; *Kreling* v. *Kreling*, 50 Pac. 546, and cases cited; *Lynch* v. *Bechtel*, (Mont.) 48, Pac. 1112; *First Nat. Bank* v. *Schmidt*, (Colo.) 40, Pac. 479; *Hamilton* v. *Great Falls St. Ry. Co.*, 17 Mont. 434.)    The defect, if any, was merely one of form and could have been amended at once if it had been pointed out.    That being the case, the complaint is amendable at any stage, even after judgment.    (*Hartley* v. *Preston*, 2 Mont. 415; and see *Hershfield* v. *Aiken*, 3 Mont. 442), where it is held error to refuse to allow an amendment after verdict and upon application for a new trial.    And where a defect in a complaint is first suggested by an objection to the introduction of testimony thereunder, such complaint will be liberally construed so as to uphold it if possible.    (*Bank of Glasco* v. *Marshall*, 47 Pac. 561, and cases cited.)    It is not error to refuse to give a particular instruction requested where the charge as a whole covers the matter presented in such instruction.    (*Dorrance* v. *McAlester*, 45 S. W. 141; *Railway Co.* v. *Morrow*, 45 Pac. 956; *Scoville* v. *Salt Lake City*, 39 Pac. 481; *Kenyon* v. *City of Mondovi*, 73 N. W., Rep. 314; *Railroad Co.* v. *Horst*, 93 U. S. 291; *Great Nor. Ry. Co.* v. *M'Laughlin*, 70 Fed. 672, and cases cited; *Bonnie et al.* v. *Earll et al.*, 12 Mont. 240; Thompson, on Trials, § 2423.)

Defendant's principal contention upon his motion for new trial in the court below was that instruction numbered 13 given by the court is erroneous in that the word ''probable'' is used instead of the word ''palpable.''    Said instruction numbered 13 appears to have been taken from Sackett, on Instructions, p. 32, where, however, the word ''palpable'' is used instead of the word ''probable.''    It is clear that the use of the word probable instead of palpable was mere inadvertance, probably caused by the mistake of the stenographer when the instructions were dictated to him, and it is incred-

ible that the mere misuse of such word was sufficient to justify the court below in granting a new trial of these actions.    By the use of such word, as it stands in the instruction, the jury were simply told that if in their judgment a witness had deliberately and intentionally testified falsely to a material matter they were at liberty to disregard his entire testimony. This being so, no objection of any kind can be urged to the use of the word, for it has been held that an instruction of this kind leaving it to the judgment or opinion of the jury is good.    (*People* v. *Righetti*, 66 Cal. 184; *McFadin* v. *Catron*, 25 S. W. 506; *Seligman* v. *Rogers*, 21 S. W. 94.)    It is a familiar principle of law that an instruction, even if it be erroneous, will not be sufficient to set aside a verdict unless it is clear and apparent that the jury were misled thereby.    As stated by Mr. Thompson:    ''Thus it is said that instructions faulty or technically erroneous will not work a reversal of the judgment if the jury were not misled, or, if as a whole, the case was fairly presented to them, and especially if their verdict is obviously correct.''    (Thompson, on Trials, Sec. 2431; *Baltimore & P. R. Co.* v. *Mackey*, 157 U. S. 72; *Bokien* v. *Insurance Co.*, 44 Pac. 110; *Pittsburg etc. Ry. Co.* v. *Welsh*, 40 N. E. 650; *Denver Dry Goods Co.* v. *Martine*, 55 Pac. 743; *Noyes* v. *Tootle*, 48 S. W. 1031; *Sams Automatic etc. Co.* v. *League*, 54 Pac. 642.)    And this court has come to the same conclusion in the case of *Hamilton* v. *Great Falls St. Ry. Co.*, *supra*, where an instruction held to be erroneous by the court was still held not sufficient to justify the granting of a new trial inasmuch as the error complained of was not of a prejudicial nature.    To the same effect is the case of *Fitschen* v. *Thomas*, 9 Mont., pp. 56-57, where it is held that an instruction obviously erroneous was still not sufficient to justify the giving of a new trial inasmuch as the same was not prejudicial or had been cured by other portions of the charge.    Again, it is a familiar rule that instructions must be regarded as a whole.    On this proposition authorities might be multiplied indefinitely, but the following only are cited:    (*Mulligan* v. *Ry. Co.*, Mont. 47 Pac. 795; *Kennon* v.

*Gilmer*, 5 Mont. 270; *Hamilton* v. *Great Falls St. Ry. Co.,* *supra; State* v. *Miller*, 31 Pac. 939; *Lawder* v. *Henderson*, 14 Pac. 164; *Hurd* v. *Atkins*, 29 Pac. 528.) Applying this rule to the instructions in this case, and taking them as a whole, it is idle to say that the jury could have been misled by the inadvertent use of the word "probable." Again, it has been decided repeatedly that the mere inadvertent use of a word is not sufficient to set aside a verdict. In the case of Spencer's Estate, (Cal.) 31 Pac. 453, it was held that the use of the word "yes" instead of "no" in an instruction was not sufficient to justify the setting aside of a verdict; and in the case of *O'Connor* v. *Langdon*, 26 Pac. 659, it was held that the inadvertent use of the word "and" in place of "or" in an instruction was not sufficient to justify the setting aside of a verdict. (See also *Terre Haute El. Ry. Co* v. *Laner*, 52 N. E. 706; *Deig Exr. et al.* v. *Morehead*, 11 N. E. 462–463.)

*Mr. Albert J. Loeb and Mr. C. B. Nolan*, for Respondents.

**MR. JUSTICE HUNT** delivered the opinion of the court.

Plaintiff brought two separate actions in claim and delivery to recover possession of two certain race horses. By consent, the two suits were consolidated for the purposes of trial. Plaintiff recoverd a verdict, and judgment was entered in his favor. Defendant Wentworth moved for a new trial, which motion was granted. Plaintiff appeals from the order granting a new trial.

1. One of the grounds upon which the court granted the motion for a new trial was its error in giving the following instruction.

"It is the duty of the jury, in passing upon the credibility of the testimony of several witnesses, to reconcile all the different parts of the testimony, if possible. It is only in cases where it is probable that a witness has deliberately and intentionally testified falsely as to some material matter, and is not corroborated by other evidence, that the jury is warranted in disregarding his entire testimony. Although a witness may

be mistaken as to some of his evidence, it does not follow, as a matter of law, that he has willfully told an untruth, or that the jury would have the right to reject his entire testimony.''

Plaintiff contends that the word ''probable'' was used for ''palpable'' by mistake, and that the error, if any was not calculated to mislead the jury. This argument is premised upon the assumption that if ''palpable'' had been used, the instruction would have been a correct statement of the law,— an assumption which respondent seem to have regarded as well taken, and which, for the moment, we will not disturb.

It is undoubtedly the rule that, where a witness has willfully sworn falsely as to any material matter upon the trial, the jury is at liberty to discard his entire testimony, except in so far as it has been corroborated by other credible evidence; but we do not understand that the right to so discard testimony follows, if it be merely *probable* that the witness has willfully sworn falsely. In other words, there must be a belief in the minds of the jury that a witness has actually and knowingly testified falsely as to some material matter before they are at liberty to eliminate his testimony entirely; but a belief that an actual fact exists requires a considerably stronger support than does a belief that it *probably* exists. If a witness has palpably sworn falsely, it is almost self-evident that he has done so. The range of probability is passed over, and it has become more than likely that he has testified falsely, knowingly and intentionally. Therefore, where perjury is palpable, there need be no extended discussion upon which to base a finding that the witness has willfully testified falsely,—the jury may at once act upon the fact so obviously or palpably demonstrated. But to say that a jury can discard testimony, if they conclude that a witness has *probably* perjured himself, is to authorize deliberation, not upon the question of whether he has *willfully* sworn falsely, but upon whether it is *likely* he has done do. So, although the jury might not say they believed the witness did willfully testify falsely, yet, if they could say that it was *probable* or likely that he did so testify, nevertheless the right to discard the entire testimony would exist.

Reasoning along this line carries us to where it is easily seen that a jury would diverge in their consideration of evidence, and too often overlook the necessity for belief in existing facts, amid metaphysical gropings for propabilities, to enable them to ignore testimony. They should not be allowed to do this; for if, in their judgment, probability of perjury alone exists, they cannot legally give that effect to evidence which they may, if, in their judgment, the fact of perjury exists as demonstrable beyond a mere probability that it exists. Therefore, to expressly authorize a jury to act, in discarding testimony, on probability, is wrong. It becomes an authorization to them to judge of the effect of evidence arbitrarily, and weakens, if it does not break down, the force of that other and salutary rule which always confines the power of a jury to form a judgment upon evidence within the exercise of legal discretion, and in subordination to the rules of evidence.

But it is our opinion that the premise which would regard the instruction as sound, if it had read "palpable," instead of "probable," is false and unsound, and that the instruction would still be inherently bad with the word "palpable" imported into it, for the reason that it circumscribes the power of the jury in giving effect to evidence by limiting their right to discard the testimony of a witness to those instances *only* where it is *palpable* the witness has willfully sworn falsely, and is not corroborated by other evidence. No such principle can find favor where the jury are the exclusive judges of the credibility of a witness, and where they are authorized to ignore his testimony, if willfully false, and not corroborated. It may be that a jury, after full consideration of all a witness has testified to, will believe he has perjured himself, yet it may not have been readily observed at all on the trial that the witness willfully swore falsely. Now, under such conditions, the jury have as clear a right to discard his testimony as they would have had if it had been palpable that the witness was willfully falsifying; for the test necessarily is: has the witness willfully sworn falsely as to any material matter? and this is to be ascertained by the jury as a fact, deducible from other

facts or circumstances connected with the trial and before them for consideration. But, in sifting and weighing the evidence, if the fact is found, whether it has manifested itself *palpably*, or whether it has been arrived at by processes of reasoning upon other facts or circumstances, is absolutely immaterial in its effect upon the power of the jury to discard the testimony.

We therefore disapprove of the instruction from the two standpoints discussed. It is essentially erroneous, and the text of Mr. Sackett (page 35), which gives it as the law, finds no support in any language used by the court in *Gottlieb* v. *Hartman*, 3 Colo. 53, which is cited as authority for its doctrine. It follows that the action of the court below in granting a new trial must be affirmed.

Another ground for granting a new trial was the refusal of the court to give the following instruction requested by defendant: "You are further instructed that a witness who testifies falsely in one part of his testimony is to be distrusted in other parts of his testimony." The instruction offered is substantially the language of Subdivision 3 of Section 3390 of the Code of Civil Procedure, which provides that the jury are to be instructed on all proper occasions "that a witness false in one part of his testimony is to be distrusted in others." Presumably the case was one where the court should have given the instruction requested, or the substance of it, by way of caution to the jury upon effect of evidence. And we can readily understand the aid furnished to a jury by declaring to them the principle meant to be enunciated by the statute, that a witness who has willfully testified falsely as to any material matter must be distrusted as to other parts of his testimony. The statute is not applicable, however, to unintentional errors, or evidence given upon immaterial matters, and without intent to deceive. Its sense is to require the jury to distrust only a witness who willfully swears falsely as to material matters; and we are of opinion that it ought always to be given with the words "willfully" and "material" expressed as qualifications of the rule it declares.

The statute (Sec. 3390, *supra*) came to us from California (Code Civ. Proc. Cal. Sec. 2061), where it has been inter-

preted as applicable only to a witness who is willfully false in a material manner (*People* v. *Hicks*, 53 Cal. 354; *People* v. *Soto*, 59 Cal. 367); and, while it has been held in that state that the word "false" is not the equivalent of "mistake," and that the word "willfully" does not change the effect of the instruction as offered (*People* v. *Sprague*, 53 Cal. 491; *People* v. *Righetti*, 66 Cal. 184, 4 Pac. 1063, 1185; *White* v. *Disher*, 67 Cal. 402, 7 Pac. 826), nevertheless we are satisfied that the meaning should be made perfectly clear by avoiding the opportunity for misunderstanding that may reasonably exist by adopting the construction of the supreme court of California announced in the cases heretofore cited and followed in *State* v. *Kyle*, 14 Wash. 550, 45 Pac. 147, holding that the qualifying words need not be expressed.

As a statute affecting the province of the jury in weighing evidence, it *requires* them to view with distrust the testimony of a witness who willfully swears falsely as to a material matter. They must distrust such a witness, and, under their general power of passing upon the credibility to be attached to each witness, they *may* discard such testimony entirely, except in so far as it is corroborated by other credible evidence. (*People* v. *Durrant*, 116 Cal. 179, 48 Pac. 75.)

3. It is well settled that, to maintain an action in claim and delivery, plaintiff must plead and prove his right to the immediate possession of the property at the time of the commencement of his suit. (*Bach, Cory & Co.* v. *Montana Lumber & Produce Co.*, 15 Mont. 345, 39 Pac. 291; *People's Saving Bank* v. *Jones*, 114 Cal. 422, 46 Pac. 278; *Olson* v. *Thompson*, 6 Okla. 74, 48 Pac. 184; *Fredericks* v. *Tracy*, 98 Cal. 658, 33 Pac. 750; Cobbey on Replevin, Sec. 94.) Allegations of these essential facts may be by stating the particular facts which entitle plaintiff to immediate possession; but they must be made. (*Visher* v. *Smith*, 91 Cal. 260, 27 Pac. 650.) Plaintiff's complaint upon his first cause of action was deficient in these respects, and he should amend before a new trial. His second cause of action was sufficiently well stated.

The order granting a new trial must be affirmed.

*Affirmed.*