## KIERBOW v. YOUNG, Sheriff.

The complaint in claim and delivery must allege that plaintiff is the owner of the property, or has some special interest therein, or right to the possession thereof.

The complaint in claim and delivery must describe the property so that it can be identified by the officer serving the process, and enable defendant to know what property he is charged with detaining, and a description of the property as "goods, wares, and merchandise" to a specified amount is insufficient.

An action of claim and delivery does not lie against an officer taking property in a similar action by a third person against plaintiff, and turned over under the proceedings in that action to the third person, it being the duty of plaintiff, as defendant in that action, to assert his rights to the property and have the same adjudicated.

An action for the recovery of personalty does not lie against one

who is not in possession of the property, he not then being in a position to comply with a writ compelling a delivery.

(Opinion filed April 3, 1906.)

Appeal from Circuit Court, McPherson County. Hon. LORING E. GAFFY, Judge.

Action by D. O. Kierbow against Henry Young, sheriff of McPherson county. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

*Taubman, Williamson & Herreid,* for appellant.

CORSON, J. This is an appeal by the defendant from an order overruling his demurrer to the complaint. The action was one in claim and delivery, and it is alleged in the complaint in substance: That the defendant is the duly appointed and acting sheriff of McPherson county; that on or about February 2, 1905, the Hamm Brewing Company, a corporation, commenced an action in the circuit court against the plaintiff and respondent, in which it is claimed to be entitled to the possession of certain personal property described in the complaint in that action and affidavit therein, and that such proceedings were had therein; that the sheriff took into his possession the property described in said complaint and affidavit and also property not therein described of the value of $1,200, and did wrongfully mix and co-mingle the same with the other property taken by him under said affidavit in said action, and delivered the same to the said plaintiff in said action, and by reason thereof the same has been lost to this plaintiff; that by reason of such wrongful act of said officers the plaintiff has been damaged in the sum of $500; that plaintiff has demanded the possession of said property, and defendant has failed and refused to deliver the same. Wherefore, the plaintiff demands judgment against the said defendant for the return to him of the said property or for the sum of $1,200, the value thereof in case a return cannot be made, and for the sum of $500, damages for the wrongful detention thereof and costs of the action. To this complaint the defendant interposed a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. An order was made overruling the demurrer, from which, as above stated, the defendant has appealed.

The specific objections to the complaint are thus stated by appellant's counsel in their brief: "(1) There is no allegation that the plaintiff is the owner of the property sought to be recovered, or that plaintiff had any special property therein. (2) There is no allegation that the plaintiff was in possession of this $1,200 worth of goods, wares, and merchandise at the time it was taken by the defendant's deputy. (3) There is no allegation that the plaintiff was, or is, entitled to the possession of said property. (4) There is no allegation that the property is wrongfully detained by the defendant or his deputy. (5) The complaint upon its face shows that at the time of the commencement of the action the property was not in the possession of the defendant. (6) There is no allegation describing the property with sufficient certainty as to identify the same. (7) The complaint shows upon its face that the defendant, through his deputy, took the property under the affidavit and requisition in claim and delivery, and that the sheriff delivered the same to the plaintiffs in that action, and the complaint in this action does not allege that the plaintiff in this action, who was the defendant in the action in which the property was taken, ever furnished a re-delivery bond or excepted to the sureties of the plaintiff on the undertaking in claim and delivery, and does not allege any reason why the sheriff should have delivered the property to the defendant in said action, the plaintiff in this action, instead of to the plaintiff in that action, except the general allegation that this property was not covered by the affidavit and requisition in claim and delivery, and the complaint therefore shows that the right to the possession of this particular property and the question of its identity is involved in the other action, and therefore the plaintiff in this action has no right to maintain it." It will be observed that it is nowhere alleged. in the complaint that the plaintiff was either the owner or entitled to the possession of the property claimed to have been detained from him, or that he had any special property or interest therein. It seems to be the general rule in actions of claim and delivery that the plaintiff must allege that he is the owner of the property or has some special property therein, to entitle him to maintain the action. Everett v. Buchanan, 2 Dak. 252, 6 N. W. 439, 8 N. W. 31; Humpfner v. Osborne & Co., 2 S. D. 310, 50 N. W. 88; Wil-

lis v. DeWitt, 3 S. D. 281, 52 N. W. 1090; Irving V. Hubbard, 12 S. D. 67, 80 N. W. 156; Fredericks v. Tracy, 98 Cal. 658, 33 Pac. 750; Holly v. Heiskell, 112 Cal. 174, 44 Pac. 466; Kimball Co. v. Redfield, 33 Or. 292, 54 Pac. 216; Simonds v. Wrightman, 36 Or. 120, 58 Pac. 1100; Cameron v. Wentworth, 23 .Mont. 70, 57 Pac. 648; Wells on Replevin, § 94; Cobbey on Replevin, § 591; 18 Enc. Plead. & Prac., p. 536. The rule is thus stated in 18 Ency. Plead. & Prac., supra, "Since the gist of the action of replevin is the right to possession, the declaration or complaint must contain an averment that the plaintiff is the owner of the property, or that the title is in him, or that the right of possession is in him, at the commencement of the suit." Mr. Wells in his work on Replevin, supra, in speaking of this subject says: "One of the cardinal rules in this action is, that the plaintiff must in all cases have a general or special property in the goods which he seeks to recover, with the right to their immediate and exclusive possession at the time of the commencement of his suit. This has been the rule from the earliest times, and is sustained by an unbroken current of authorities to the present day." The omission, therefore, of an allegation of ownership, or of a special interest in the property or right to the possession at the time of the commencement of the action, rendered the complaint insufficient, and the demurrer thereto should have been sustained upon that ground.

It seems to us also equally clear that the complaint was insufficient in that it failed to describe the property alleged to have been taken by the defendant. It will be observed that all the description that the complaint gives of the property is, "goods, wares, and merchandise to the amount and value of $1,200." It is essential in such an action that the property sought to be recovered be sufficiently described so that it can be identified by the officer serving the process, and a sufficient description given to enable the defendant to know what property he is charged with detaining, in order that he may prepare his defense to the action. Wells on Replevin, § 169; Cobbey on Replevin, § 544; 18 Ency. Plead. & Prac. p. 534. In 18 Ency. Plead. & Prac., supra, the author of the article on Replevin, in speaking of description, uses the following language: "What

will constitute a sufficient description of the property in a complaint in replevin must in a great measure depend upon the particular facts of each case, but, generally speaking, it must be described with a reasonable degree of certainty, sufficiently definite to enable the property to be positively identified." We are of the opinion that the contention of counsel that the action will not lie for the reason that the property was taken in a similar action by the Hamm Brewing Company against this plaintiff, and that under the proceedings in that action the possession of the property was turned over to the Hamm Brewing Company, is correct. It was the duty of the plaintiff, therefore, as defendant in that action to have interposed a defense to the same, and have his rights adjudicated in the same, and the law does not permit him to bring an action of claim and delivery against the officer, as he could himself have become an actor in that action and recovered possession against the plaintiff if the property was not legally taken in that action. Welter v. Jacobson, 7 N. D. 32, 73 N. W. 65.

The further contention of the appellant is also clearly correct, namely: that as it affirmatively appears from the complaint that the property sought to be recovered was not in the possession of the defendant at the time the action was commenced, this action cannot be maintained. It will be noticed that in the complaint it is alleged that the defendant has delivered to the Hamm Brewing Company not only the property described in the complaint and affidavit in claim and delivery, but also the property claimed by the plaintiff in this action. The action of claim and delivery is instituted for the purpose of recovering possession from a party of personal property alleged to be in his possession, and when it affirmatively appears that the property is not in the possession of the party then the action of claim and delivery will not lie, and the plaintiff must seek redress in some other form of action. Cobbey on Replevin, § 61. Mr. Wells in his work before referred to in speaking on this subject says: "It is also a rule in replevin that the action only lies against a defendant who is in possession of the goods at the time the demand is made or suit is begun. In order to hold a party liable for the immediate delivery of the goods, he must have the actual or constructive possession of them at the time so

that he can comply with the demand if made, or with the mandate of the writ for delivery if it should issue against him. A wrongful taking, unless followed by a wrongful detention, will not sustain the action. In trespass the restoration of the goods would be no bar to the suit. The action having once accrued, no act of the defendant can deprive the plaintiff of it, but replevin, for the delivery of specific goods, only lies in case the goods are detained." Wells on Replevin, § 134; Longerbeam v. Huston, 20 S. D. — 105 N. W. 743. The complaint, therefore, failed to state facts sufficient to constitute a cause of action and the court was clearly in error in overruling the defendant's demurrer thereto.

We have not overlooked the other objections specified by counsel in their brief, but in the view we have taken of the case we do not deem it necessary to discuss them in this opinion.

The order of the court below overruling defendant's demurrer is reversed.