STATE, RESPONDENT, v. LEE, APPELLANT.

(No. 2,339.)

(Submitted November 14, 1906.   Decided December 14, 1906.)

*Criminal Law—Robbery—Record on Appeal—Bill of Exceptions —Instructions.*

Criminal Law—Appeal—Record—Bill of Exceptions—Settlement—Notice.
   1.   Where it does not appear affirmatively from the record on appeal in a criminal case, that the two days' notice to the county attorney of the presentation of the bill of exceptions to the judge, or to the clerk for the judge, for settlement, required to be given by section 2171 of the Penal Code, had been given, the bill must be disregarded

Same—Record of Former Trial—Authentication—Transcript.
2. The record of the proceedings had at a former trial of a criminal cause, copied into the transcript on appeal but not authenticated by bill of exceptions or identified in any way, cannot be considered for any purpose.

Same—Record—Amendment in Supreme Court.
3. Where the record on appeal in a criminal cause failed to show affirmatively that two days' notice of the presentation of the bill of exceptions to the judge for settlement had been given, an offer, made at the hearing before the supreme court, to amend the transcript by attaching thereto certain orders of the district court extending the time for settling the bill, which showed that the county attorney was present and took part in the proceedings had at the settlement, will not be entertained, such orders not being part of the record and not supplying the deficiency as to notice.

Same—Robbery—Instructions—Credibility of Witnesses—Harmless Error.
4. An instruction, given in a prosecution for robbery, which in effect told the jury that they were the exclusive judges of the credibility of the witnesses and had the right to reject all the testimony of any witness who in their opinion had been guilty of willful perjury "unless on any point such testimony is corroborated," could not have been understood by them otherwise than as a direction that they were not bound to accept any part of the statement as true, but that they were still at liberty to believe it or not as their judgment dictated, and could not be said to imply that if they found such testimony corroborated in any respect they should for that reason deem it credible. The instruction, while not technically correct, was not prejudicially erroneous.

(MR. JUSTICE MILBURN dissenting.)

Same—Robbery—Instructions.
5. Where two defendants were informed against jointly for the crime of robbery, each claiming a separate trial, an instruction requested on the trial of one of them, that if the jury found that he or his confederate, or either of them, did not take any property from the possession of the complaining witness, they must find defendant not guilty, was properly refused, in that he was not entitled to an acquittal merely because his confederate had not taken any of the property in question.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

MARION LEE, was convicted of robbery, and from the judgment and from an order denying him a new trial, he appeals. Affirmed.

*Messrs. Maury & Hogevoll,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was heretofore convicted of the crime of robbery, but, on appeal to this court, the judgment of conviction was reversed because of a variance between the allegations in the information and the proof as to the name of the person injured. (*State* v. *Lee,* 33 Mont. 203, 83 Pac. 223.) When the case was remanded, he was tried on an amended information, and again convicted. He has appealed from the judgment and from an order denying him a new trial.

Counsel for appellant assign and argue in their brief many alleged errors, four of which are upon one instruction submitted and others refused, and hence are presented by the record proper, or judgment-roll, while the rest are sought to be presented by a bill of exceptions and what purports to be the record of the proceedings of the former trial, copied into the transcript without authentication. The attorney general insists that the matters embodied in the bill of exceptions and the record of the former trial may not be considered, for the reason that it does not appear affirmatively that the two days' notice to the county of the presentation of the bill to the judge, or to the clerk for the judge, for settlement, required by section 2171 of the Penal Code, was given, and that the record of the former trial is no part of the record of the trial of this cause.

The record before us does not disclose anything on the subject of notice to the county attorney of the settlement, and, under several decisions of this court directly in point, the bill must be disregarded. (*State* v. *Gawith,* 19 Mont. 48, 47 Pac. 207; *State* v. *Moffatt,* 20 Mont. 371, 51 Pac. 823; *State* v. *Stickney,* 29 Mont. 523, 75 Pac. 201; *State* v. *Kremer,* 34 Mont. 6, 85 Pac. 736; *State* v. *Morrison,* 34 Mont. 75, 85 Pac. 738.)

The record of the former trial copied into the transcript, not being authenticated by bill of exceptions or identified in any way, cannot be considered for any purpose.

At the hearing counsel for defendant offered to amend the transcript by attaching thereto orders of the court extending the time for settling the bill, made subsequent to the judgment, which show that the county attorney was present and took part in the proceedings had at the settlement, and asked to be allowed to make the amendment. The request was denied by the court, for the reason that these orders are not a part of the record and do not supply the deficiency.

This condition of the record leaves for consideration only the particular instructions complained of. Touching the credibility of witnesses and the functions of the jury in weighing their evidence, the court gave the following instruction: "No. 8. A witness is presumed to speak the truth; this presumption, however, may be repelled by the manner in which he testifies, by the character of his testimony, or by the evidence affecting his character for truth, honesty, or integrity, or his motives, or by contradictory evidence. You are the exclusive judges of the weight of the testimony and the credibility of witnesses. You are to determine what weight you will give to the testimony of any witness, and you will be slow to reject the testimony of any witness, and be careful, and, if you can reconcile any statement and all the testimony or any of the testimony of any witness with the facts and with the probable motives, it will be your duty to do so, but, if you should be satisfied that any witness has knowingly and willfully testified falsely to any material matter in this case, you have the right to reject the whole of the testimony of such witness, unless on any point such testimony is corroborated by the facts and circumstances of the case or other credible evidence." It is said that the last clause of this statement is, in effect, a direction to the jury that they could not reject any of the testimony of a witness who had committed deliberate perjury during the trial, if upon any point, however unimportant, he was corroborated by other credible evidence in the case, but that in such case they must accept and give it credit.

In *Cameron* v. *Wentworth*, 23 Mont. 70, 57 Pac. 648, it was said: "It is undoubtedly the rule that, where a witness has will-

fully sworn falsely as to any material matter upon the trial, the jury is at liberty to discard his entire testimony, except in so far as it has been corroborated by other credible evidence.'' Here the power of the jury to reject such evidence absolutely and without consideration is limited to that portion of it which is not corroborated. Such portion of it as is corroborated, the jury may not reject without consideration, but must weigh it in the light of the other evidence and attach to it such value as they think it entitled to under their power to judge of the credibility of witnesses generally.

In *State* v. *De Wolfe,* 29 Mont. 415, 74 Pac. 1084, the jury were instructed as follows: ''If you believe that any witness who has testified in this case, has willfully and intentionally testified falsely as to any material matter in this case, the jury have a right to disregard any or all of the testimony of such witness.'' It was held that the omission of the exception was error, the court following the rule of *Cameron* v. *Wentworth, supra,* and approved in *Bonnie* v. *Earll,* 12 Mont. 239, 29 Pac. 882.

Section 3390 of the Code of Civil Procedure provides: ''The jury, subject to the control of the court in the cases specified in this Code, are the judges of the effect or value of evidence addressed to them, except when it is declared to be conclusive. They are, however, to be instructed by the court on all proper occasions. * * * 3. That a witness false in one part of his testimony is to be distrusted in others.'' The court in *Cameron* v. *Wentworth, supra,* considered this provision somewhat and held that its meaning is that a witness whose testimony is willfully false in a material matter is to be distrusted as to the whole of his testimony, thus importing into the statute the meaning which the legislature evidently intended should be given to it. There is serious doubt whether, in view of this provision, what is stated in *Cameron* v. *Wentworth* to be the undoubted rule is not logically wrong. (*People* v. *Sprague,* 53 Cal. 491; *People* v. *Righetti,* 66 Cal. 184, 4 Pac. 1063, 1185; *White* v. *Disher,* 67 Cal. 402, 7 Pac. 826; 2 Wigmore on Evidence, sec. 1012.) Yet, since this phase of the matter has not been argued

in this case, we shall not undertake to decide it, because the conclusion that it is wrong would necessitate the overruling of *Cameron* v. *Wentworth* and *State* v. *De Wolf*, which we do not care to do until the question is raised directly and properly argued.

We do not think, however, that the instruction complained of has the import which counsel give to it. In the first place, it was impressed upon the jury that they were the exclusive judges of the credit to be given to the witnesses. They were told that they had a right to reject all the testimony of any witness who had been guilty of willful perjury, unless "on any point" his statement was corroborated. The jury must have understood from this that they were not bound to accept any part of the statement as true, but that they were still at liberty to weigh it and believe it or not as their judgment dictated. In effect, the instruction told the jury that they might reject the testimony absolutely without consideration, unless on any point they found it corroborated, but any man of reasonable intelligence, reading it, would not understand that this implied that, if they found it corroborated in any respect, they should for that reason deem it credible and so treat it in making their finding. The only restriction cast upon them by this part of the instruction was that they were compelled to consider the testimony, but they were still left to give it such credit as they thought it entitled to. Manifestly, then, so understood, the instruction, while not technically correct under the cases cited, is not so substantially erroneous as to be deemed prejudicial to the defendant.

The instructions requested and refused were properly refused, because no one of them embodies a correct statement of the law. To illustrate: Instruction No. 6, after defining robbery in the words of the statute, reads as follows: "You are further instructed that one of the essential elements of robbery is the felonious taking of personal property; and in this case if you find that the defendant, Marion Lee, or Kail Yancey, or either of them, did not take any property from the possession of the complaining witness, you must find the defendant not guilty."

The defendant and Kail Yancey were informed against jointly. Each claimed a separate trial. This instruction would have told the jury that, if they found that either Marion Lee or Kail Yancey did not take any property from the possession of the complaining witness, the defendant, Marion Lee, should be found not guilty. Evidently, Marion Lee was not entitled to an acquittal solely on the ground, however conclusively the fact may have been established, that Kail Yancey had not taken any property from the possession of the complaining witness. The other paragraphs requested are open to the same or a similar objection.

Let the judgment and order be affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE MILBURN : I respectfully dissent. I do not think that the defendant Lee had a fair trial. Instruction numbered 8 is, in my opinion, erroneous and prejudicial. It is plainly wrong.

Rehearing denied January 12, 1907.