STATE, RESPONDENT, *v.* CONNORS, APPELLANT.

(No. 2,510.)

(Submitted March 5, 1908. Decided March 9, 1908.)

[94 Pac. 199.]

*Criminal Law—Rape—Witnesses — Credibility—Instructions— Applicability to Issues—Criminal Intent.*

Criminal Law—Appeal—Record—Instructions—Credibility of Witnesses— Presumptions.

1. On appeal from the judgment in a criminal cause it will be presumed, in the absence of the evidence, that the giving of an instruction in the language of subdivision 3 of section 3390, Code of Civil Procedure, "that a witness false in one part of his testimony is to be distrusted in others," was warranted by the case as submitted.

Same.

2. Nor was the above instruction erroneous for failure to insert the word "willfully" before the word "false," and the words "as to a material matter" after the word "testimony."

Same—Rape—Instructions—Applicability.

3. An instruction given in a prosecution for rape, that if it appeared that prosecutrix was under the age of sixteen years, and was not the wife of defendant when the intercourse took place, and that "such intercourse was had at any time within five years prior to the filing of the information in this case," then a verdict of guilty should be returned, was not erroneous as allowing conviction for an act of intercourse occurring after the date of the alleged offense and before the date of filing the information, since the words "such intercourse" related to the act described in the information.

Same.

4. The above instruction was not objectionable as permitting a conviction for any act of intercourse had within five years of the date of filing the information, since, in the absence of the evidence from the record, the presumption must be indulged that the evidence adduced related to the act of intercourse charged in the information only, and that the instruction was applicable to the case made.

Same—Intent—Instructions—Repetition Unnecessary.

5. Where, in a prosecution for crime, an instruction had been given. that in the commission of the act charged in the information as having been done feloniously, the intent as alleged in the information must have been proven in order to warrant a conviction, the subject of criminal intent was sufficiently covered, and it was not necessary to repeat the rule in subsequent instructions.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

DANIEL CONNORS was convicted of the crime of rape, and. appeals from the judgment. Affirmed.

*Mr. C. A. Spaulding,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. L. Murphy,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Daniel Connors was convicted of the crime of rape, and appeals from the judgment. Appellant's specifications of error relate to subdivision 3 of instruction 7, and to instructions 14 and 15, given by the court.

1. Subdivision 3 of instruction No. 7 is as follows: "That a witness false in one part of his testimony is to be distrusted in others." This is a literal copy of subdivision 3 of section 3390 of the Code of Civil Procedure. It is contended, however, that by this instruction the court invaded the province of the jury, and that the jury are the exclusive judges of the credibility of witnesses and of the weight to be given to the testimony. Our Code, however, in section 3390 above, provides: "The jury, subject to the control of the court in the cases specified in this Code, are the judges of the effect or value of evidence addressed to them, except when it is declared to be conclusive. They are, however, to be instructed by the court on all proper occasions * * *"; then follow seven subdivisions specifying certain matters to any or all of which the court may, on proper occasions, call the attention of the jury. Each of these seven subdivisions is a guide or standard by which the jury are to determine facts. And, since the Code establishes the law of this state respecting the subjects to which it relates (Code Civ. Proc., sec. 3453), we certainly cannot say that a court may not do what the Code says it may do. In the absence of the evidence, we must presume that the trial of this case was a proper occasion, within the meaning of section 3390 above, for giving this instruction.

But, again, it is said that this instruction as given is erroneous, in that it omits the word "willfully" before the word "false,"

and the words "as to a material matter" after the word "testimony," and *Cameron* v. *Wentworth,* 23 Mont. 70, 57 Pac. 648, *Ashley* v. *Rocky Mountain Bell Tel. Co.,* 25 Mont. 286, 64 Pac. 765, *State* v. *De Wolfe,* 29 Mont. 415, 74 Pac. 1084, and *State* v. *Lee,* 34 Mont. 584, 87 Pac. 977, are cited in support of this contention. But an examination of the last two cases will show that this question was not considered in either of them.

In the *De Wolfe Case* the instruction given was as follows: "If you believe that any witness who has testified in this case has willfully and intentionally testified falsely as to any material matter in the case, the jury have a right to disregard any or all of the testimony of such witness." The contention made and the decision of this court was that the words "except in so far as it is corroborated by other credible evidence" should have been added; but even that decision is overruled in *State* v. *Penna,* 35 Mont. 535, 90 Pac. 787.

In *State* v. *Lee,* complaint was made of an instruction given substantially as the court in the *De Wolfe Case* said it should be given; and this court merely held that it was not reversible error.

In *Cameron* v. *Wentworth* the plaintiff had judgment. The defendant moved for a new trial upon several grounds. The motion was granted and plaintiff appealed. The order granting the new trial was affirmed. One ground of defendant's motion for new trial was the refusal of the trial court to give an instruction substantially in the language of subdivision 3 of section 3390, above. This court justified the order of the district court upon another ground altogether, but made some observations with respect to this instruction, but nowhere decided that the instruction was erroneous and ought not to have been given.

It is said that the qualifying words "willfully" and "material" should be inserted. In the case of *State* v. *Kyle,* 14 Wash. 550, 45 Pac. 147, under a similar statute the supreme court of Washington held directly that the failure to insert the word "willfully" before the word "false" did not render the instruction objectionable. In *People* v. *Sprague,* 53 Cal. 491, an

instruction was offered in the language of our statute above, which is identical with the language of subdivision 3, section 2061, California Code of Civil Procedure. The trial court, however, inserted the word "willfully" before the word "false." In considering the instruction as thus modified, the supreme court of California said: "The word 'willfully' did not change the effect of the instruction as offered." This decision is approved in *People* v. *Righetti,* 66 Cal. 184, 4 Pac. 1185.

In *People* v. *Treadwell,* 69 Cal. 226, 10 Pac. 502, it is said: "The following instruction is also challenged: 'A witness false in one part of his testimony is to be distrusted in other parts.' This is substantially the language of subdivision 3, section 2061, Code of Civil Procedure, and is correct. But it is said to be erroneous because the word 'willfully' was not inserted immediately before the word 'false' in the instruction. The defendant did not ask for a modification in that regard. But the omission of the word did not affect the correctness of the proposition. In *People* v. *Sprague,* 53 Cal. 491, a like instruction was asked by the defendant in a criminal action. The trial court did not give the instruction as asked, but of its own motion inserted the word 'willfully' immediately before the word 'false,' and with that correction gave the instruction to the jury against the defendant's objection and exception, and on appeal it was held that the insertion of the word 'willfully' in the instruction did not change the effect of the instruction as offered. The instruction as given was therefore virtually the instruction offered. Upon the authority of that case, *People* v. *Hicks,* 53 Cal. 354, and *People* v. *Soto,* 59 Cal. 367, were also decided." So far as we know, these are the only cases which had directly decided the matter at the time of the adoption of our Code. In *Cameron* v. *Wentworth* this court said: "The statute (section 3390, *supra*) came to us from California (Cal. Code Civ. Proc., sec. 2061), where it has been interpreted"; and upon the familiar rule of law that, in adopting a statute from a sister state, we adopt it with the construction given it by the courts of that state, there does not seem to be room for contention here.

In *Ashley* v. *Rocky Mountain Bell Tel. Co.,* above, this court said that the qualifying words "willfully" and "material" should be used in the proper places in an instruction of this character, citing *Cameron* v. *Wentworth;* but, notwithstanding the observations made in *Cameron* v. *Wentworth* and *Ashley* v. *Rocky Mountain Bell Tel. Co.,* we think the instruction as given is correct. It cannot be that subdivision 3 of section 3390 correctly states the law of this state when found in the Code, but that the same language, when embodied in an instruction of a court, does not do so. As said above, the Code establishes the law of this state respecting the subjects to which it relates, and unless there is apparent some inadvertent omission or some apparent misuse of terms which renders the meaning of the statute obscure or uncertain, we think courts are not justified in attempting to improve upon the action of the legislature in enacting laws, by interpolating into statutes words which may, or may not, have been intended to be used by the law-making body, which, in this state, is the legislature, and not this court.

It is true that since the adoption of our Code the supreme court of California has held that the omission of the qualifying word "material" rendered an instruction, substantially in the language of section 2061 of the California Code of Civil Procedure, erroneous. (*People* v. *Plyler,* 121 Cal. 160, 53 Pac. 553.) But we do not agree with that court that this section of the Code "requires construction and amplification" in order that it be not "misleading to the nonjudicial mind."

2. Exception is taken to instruction No. 14, given by the court as follows: "14. You are instructed in this case it is not necessary for the state to prove the date of the alleged offense precisely as charged in the information herein. Therefore, if you find and believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Daniel Connors, at the county of Yellowstone and state of Montana, accomplished an act of sexual intercourse with the prosecuting witness, Jessie Knox, and that at the time of such intercourse the said Jessie Knox was under the age of sixteen years, and not the wife of defendant, and

you further find that such intercourse was had at any time within five years prior to the filing of the information in this case, then you should find a verdict of guilty.''

The information charges the defendant with having had sexual intercourse with Jessie Knox, a female under the age of sixteen years, and not the wife of the defendant. The act is alleged to have been accomplished on August 20, 1906. It is now said by counsel for appellant that under instruction No. 14, and particularly the last clause thereof, the jury might have found the defendant guilty of an act of sexual intercourse with the prosecuting witness after August 20th, and before October 11th, the date of filing the information, even though between such dates the prosecuting witness might have reached the age of sixteen, and the act have occurred after she reached that age and before October 11th. But we do not think the language is susceptible of the construction given it by counsel for appellant. The words ''such intercourse'' relate to the act of sexual intercourse described above in the information, namely an act of sexual intercourse with Jessie Knox, at a time when she was under the age of sixteen years and not the wife of the defendant. Construing the word ''such'' in the phrase ''any such lode or mining claim,'' this court, in *State ex rel. Anaconda Copper Min. Co.* v. *District Court,* 26 Mont. 396, 68 Pac. 570, said: ''The words 'any such lode or mining claim' clearly relate to the same character of lode or mining claim as that mentioned in the first clause; that is, one in which the petitioner has an interest, and which is in the possession of another. The word 'such' in its ordinary sense, in the connection in which it is here used, signifies 'the same as previously mentioned or specified; not other or different.' (Century Dictionary.) ''

Again it is said by counsel for appellant in his brief: ''Said instruction No. 14 is also erroneous in that it permits a conviction for any act of intercourse had within five years of the date of filing the information. Under such an instruction the minds of no two jurors need meet upon any particular act of intercourse, and yet the defendant be convicted.'' What we have

said above we think disposes of this contention; but, furthermore, this appeal is from the judgment only, and the evidence is not before us. We must, therefore, indulge the presumption that the evidence related to only one act of sexual intercourse, since, in the absence of the evidence, this court will always presume that the instructions were applicable to the case made, in the absence of a showing to the contrary.

3. Again, it is contended that under instructions 14 and 15, or either of them, the jury could find the defendant guilty without finding the element of criminal intent. The information charges that the act was done "willfully, wrongfully, unlawfully, and feloniously." "The word 'feloniously' is descriptive of the act charged. It means that the act was done with a mind bent on doing that which is wrong, or, 'as it has been sometimes said, with a guilty mind.'" (*State* v. *Rechnitz*, 20 Mont. 488, 52 Pac. 264.) If the court has properly laid down a rule in one instruction, it need not be repeated thereafter. The instructions are to be considered as one complete charge, paragraphed and numbered only for convenience. In instruction No. 5 the court fully covered the question presented, in the following language: "The jury are instructed that the intention connected with the commission of a crime is manifested by the circumstances connected with the offense and the sound mind and discretion of the person committing the act; and, in order to constitute the offense charged in this case, the intent alleged in the information is necessary to be proved, but direct and positive testimony is not necessary to prove the intent. It may be inferred from the evidence if there are any facts proved which satisfy the jury, beyond a reasonable doubt, of its existence."

We find no error in the record. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.