HARMON-HULL COMPANY, *Plaintiff in Error*, vs. H. H. BURTON, and H. F. MOHR, *Defendants in Error*.

134 So. 298.

Division B.

Opinion filed August 6, 1932.

Petition for rehearing denied August 31, 1932.

*W. A. Pattishall*, for Plaintiff in Error;

*H. F. Mohr*, for Defendants in Error.

TERRELL, J.—This writ of error is from a final judgment in an action of replevin. At the conclusion of all the testimony a verdict for the defendant was directed and damages in his favor were assessed by the jury in the sum of One Thousand Two Hundred Fifty Dollars, the final judgment being predicated on this verdict.

Numerous errors are assigned, the first of which is grounded on the order of the trial court sustaining a demurrer to the declaration.

The demurrer raises the sufficiency of the allegations of the declaration as to the ownership of the property, it being merely alleged that the plaintiff is entitled to possession of the property. Replevin is a personal action brought to recover possession of goods or chattels unlawfully taken or to test the validity of such taking. Replevin is a statutory action in this State, Sections 3476 to 3494 Revised General Statutes of 1920 (Sections 5329 to 5348 Compiled General Laws of 1927), no form of declaration being prescribed and while we have not been called on to adjudicate this question the decided current of authority in other jurisdictions holds that it is necessary to allege both the ownership, either general or special, and the right to the possession of the property. 23 R. C. L. 925 to 926 and cases cited, with special reference to Kierbow vs. Young 20 S. D. 414, 107 N. W. 371, 11 Ann. Cas. 1148 and note under 35 L. R. A. (U. S.) 216. Chapter 9320 Acts of 1923, Laws of Florida (Section 5348 Compiled General Laws of 1927) would seem to require that such a rule be followed in this State and we approve it as the better course to pursue.

The second error assigned is predicated on the order of the trial court refusing to admit in evidence plaintiff's exhibit number three, being an assignment of a conditional sale contract executed by H. H. Burton, the defendant in error, to O. B. Harrison and Harrison having assigned to

Harmon-Hull Company, the plaintiff in error. Plaintiff relied on the assignment of this contract and the note attached thereto to sustain his right of recovery in the replevin action.

If this assignment had been absolute and had conveyed all Harrison's right and interest in the chattels and goods therein described to Harmon-Hull Company there would be substance to plaintiff in error's contention but an examination of this purported assignment discloses that it was nothing more than a pledge or agreement by Harrison whereby Harmon-Hull Company was allowed to hold the note and conditional sale contract until it could realize and collect the sum of $1913.21 thereon at the rate of $150 per month, and that when said amount was collected the said note and mortgage was to be reassigned by Harmon-Hull Company to Harrison, the owner. The face of the note and conditional sale contract was $2414.56 and bore interest at eight per cent. per annum.

Under such circumstances Harrison and Harmon-Hull Company both had an interest in the note and sales contract but the assignment for the purpose of collecting a portion of the face of the note did not convey such an interest or ownership in the property as will support an action in replevin. Roof vs. Chattanooga Wood Split Pulley Co. 36 Fla. 284, 18 So. 597; Malsby vs. Gamble 61 Fla. 310, 54 So. 766; Voges Motor Co. vs. Ward, 98 Fla. 304, 123 So. 785.

Other assignments have been examined but no reversible error is made to appear. The judgment below is therefore affirmed.

Affirmed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.