THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARGARITA NAZARIO, Defendant and Appellant.

No. Cr-62-150.　Decided January 25, 1963.

*Héctor Lugo Bougal* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Undercover agent Nelson Vega Rivera testified that on two different occasions the defendant, Margarita Nazario,

sold him a bolita number each time without giving him any written proof of such transactions, for which she was sentenced to six months' imprisonment in jail in each case, to be served concurrently. In her appeal to this Court, the defendant's only assignment of error is that the evidence contained in the information was "juridically insufficient to overcome the presumption of not guilty enjoyed by every defendant in our jurisdiction." The ground in support of that assignment is that, since the only witness for The People—the undercover agent—had contradicted himself in one part of his testimony, § 524 of the Code of Civil Procedure of Puerto Rico (32 L.P.R.A. § 1679) is applicable insofar as it provides: "A witness false in one part of his testimony is to be distrusted in others," and that a doubt of this nature must be decided in favor of the defendant.

The contradiction consists in the account given by the undercover agent during the direct examination in the sense that after the defendant made the sale to him, she kept on walking and the agent did not see her talking to anyone else, whereas during the cross-examination, when confronted with a previous statement given by the undercover agent, the latter testified that after the sale the defendant remained with a number of persons who were at a certain distance from the place where the sale had taken place, but that the undercover agent had not heard the conversation between the defendant and the other persons.

We do not think that the contradiction is decisive as to the main issue of the sale (a material fact) as to constitute an exception to the rule we established in *People* v. *Nieves*, 57 P.R.R. 769, 785 (Del Toro, 1940), known as the optional rule, in which case, referring to the aforesaid § 524, we stated: "When a witness is false in one part of his testimony, he is to be distrusted in the remaining portion of the same; but this does not mean that that portion should be rejected in its entirety. The jury must act with caution knowing that they

are not treading on firm ground, but if, in the exercise of their discretion, they are convinced that the rest of the testimony is true, they may take it into consideration when rendering their verdict .... 'The maxim *"falsus in uno, falsus in omnibus,"* is not to be construed as authorizing a Court to charge that if a witness perjures himself in respect to one or more particulars, the jury must reject all his testimony.' *People* v. *Sprague*, 53 Cal. 491, 494." See, also, *People* v. *Aletriz*, 85 P.R.R. 621, 624 (Pérez Pimentel, 1962); 4 A.L.R.2d 1089 (1949); 3 WHARTON, Criminal Evidence 454, § 972 (12th ed., The Lawyers' Co-operative Publishing Co.).

The fact that the contradiction should arise in a case where the evidence contained in the information simply consists in the testimony of the undercover agent, has no bearing on the situation: *People* v. *Seda*, 82 P.R.R. 695, 706 (Blanco Lugo, 1961); *People* v. *Jaimán*, 86 P.R.R. 663, 664–65 (1962).

The judgments must be **affirmed**.