194          REED *v.* CLARK.          [Sup. Ct.

[No. 2,579.]

## SARAH M. REED *v.* WILLIAM S. CLARK.

DAMAGES FOR BREACH OF CONTRACT OF MARRIAGE.—In an action for the breach of the contract of marriage, the jury may look beyond the contract itself, in assessing damages, and may give the injured party compensation for injury to the feelings, affections, and wounded pride, as well as the loss of marriage.

EVIDENCE IN BREACH OF CONTRACT OF MARRIAGE.—In an action for breach of a contract of marriage, after the plaintiff has given testimony tending to prove the contract, she may, for the purpose of enhancing damages, prove that she announced the fact of her engagement to her friends, and invited them to attend the wedding.

RIGHT OF COURT TO PASS ON EVIDENCE.—When the admissibility of certain evidence depends upon the question whether some preliminary fact has been proved, it is for the Court to determine whether such preliminary fact has been proved; and, in such case, it is not error for the Court to state to counsel, in passing on the question, that, as the case then stands, *prima facie* such fact has been proven.

CROSS-EXAMINATION OF WITNESS.—It is in the discretion of the Court to confine a cross-examination of a witness within reasonable limits; and when protracted to an unreasonable extent, the Court may prohibit its continuance.

IDEM.—The Court may, in its discretion, permit the plaintiff to recall one of the defendant's witnesses, after his cross-examination has been finished, for a further cross-examination, to lay a foundation for discrediting or impeaching him.

ENHANCEMENT OF DAMAGES FOR BREACH OF MARRIAGE CONTRACT.—If, in an action for breach of contract of marriage, the defendant attempts to prove that the plaintiff has been guilty of misconduct with other men, and the jury are satisfied, from the whole evidence, that the testimony was offered in bad faith, and that the plaintiff was innocent, they may take the matter into consideration in the enhancement or aggravation of damages.

IDEM.—In an action for breach of contract of marriage, if there is evidence as to the pecuniary condition of the defendant, the jury may take it into consideration in estimating damages.

NEW TRIAL.—The discovery of new evidence, which is merely cumulative, is no ground for a new trial.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiff obtained a verdict and judgment for ten thousand dollars damages.

The other facts necessary to present the points decided are stated in the opinion.

*John Currey* and *E. D. Sawyer*, for Appellant.

The plaintiff's declaration made to her friends about her engagement to be married, were not part of the *res gestæ*—the alleged marriage contract—and were not admissible as evidence. (Sharswood's Startie's Evidence, 85–6; 1 Stark. Ev., part i, sec. 28; *Enos* v. *Tuttle,* 3 Conn. 250; *Lund* v. *Tyngsborough,* 9 Cushing, 36; *Kent* v. *Tower,* 1 Camp. 177; *Rex* v. *Bliss,* 7 Ad. & El. 550.)

The Judge trying a cause may, in passing upon the question of the admissibility of the testimony, assume, if it be true, that a necessary preliminary fact has been supported by some evidence tending to establish it. This he neces-. sarily does, if he admits the evidence offered, and that is as much as the jury has a right to know respecting his opinion as to the force or weight of the evidence already produced. Though he be satisfied beyond doubt, that the evidence in, is entirely false, and that the jury so regards it; yet he must treat it as tending to establish the necessary preliminary fact. But this is not the expression of an opinion upon the weight of the evidence, respecting such preliminary fact; it is not assuming that a necessary preliminary fact has been established by proof, even *prima facie.* It is true, the Court must, in many instances, consider ·what facts the evidence has tended to show, in order to determine what further facts may be shown. · But in such case the Court has no right to say to the jury, nor in their presence, that any controverted fact has been proved. (*Levitzky* v. *Canning,* 33 Cal. 299.)

This Court, in *McMinn* v. *Whelan,* 27 Cal. 319, had occasion to speak on this subject, and there expressed its unanimous condemnation of conduct on the part of the Judge, calculated to aid the cause of one of the parties, to the injury of the other, by an unguarded expression of an opinion in the presence and hearing of the jury.

The Constitution of this State (Art. 6, Sec. 17,) is an inhibition to judges charging juries with respect to matters of fact. The charge that the jury might take into consideration the pecuniary condition of the defendant was errone-

ous, because there was no legal evidence on which to base it. Evidence of the defendant's circumstances in such cases, say the Court in *Kniffin* v. *McConnell*, 30 N. Y. 288, should be confined to general reputation.

The charge that the jury had the right to consider in aggravation or enhancement of damages, whether or not the defendant had wantonly come into Court and attempted to show the plaintiff guilty of improper conduct with other men, of which she was innocent, we claim to be erroneous.

The Court had not the right to suggest in view of the evidence, that the defendant had "wantonly" attempted to show that plaintiff had been guilty of improper conduct, nor to covertly intimate that she was innocent. The rule laid down in the charge would operate to punish a defendant for making the defense, however true it might be in fact, unless he should prove it, and however honest he might be in the belief of it, and diligent in his efforts to prove it. In *Kniffin* v. *McConnell*, 30 N. Y. 287, the Judge charged the jury that if the defendant had attempted to prove the plaintiff guilty of misconduct with other men, of which he knew she was not guilty, it would aggravate the damages. This language by itself, says Mr. Sedgwick, might perhaps in effect be justified within the rule of exemplary damages, as showing the *animus* of the defendant. (Sedgwick on Damages, 5th Ed. 422, note 3.)

The just rule in such cases would seem to be, that the damages should be enhanced or unaffected, according as the justification is or is not made in good faith. (*Denslow* v. *Horn*, 16 Iowa, 476.)

*Clarke & Carpentier*, also for Appellant.

The Court erred in stating in the presence of the jury, that " a *prima facie* promise by the defendant had been proven, and that it was in fact an authorization to plaintiff to announce it to her friends, and if the plaintiff was entitled to damages that would be an element to be considered."

1. The Court exceeded its power when it expressed a decided opinion upon the weight of evidence. (Constitu-

tion of Cal. Article VI, Sec. 17; Practice Act, Sec. 165; *Battersby* v. *Abbott,* 9 Cal. 565; *People* v. *Ybarra,* 17 Cal. 166; *People* v. *Ah Fung,* 16 Cal. 137; *Tubbs* v. *Madding,* 1 Minor, Al. 129; *McMinn* v. *Wheelan,* 27 Cal. 319, 320.)

2.   The evidence of the plaintiff's announcements to her friends was not admissible as a foundation for damages, or as an element to be considered in estimating damages, as erroneously stated by the Court.   If proper at all, it could only have been so in connection with her preparations for the marriage, and explanatory thereof, and merely as evidence of her acceptance of the defendant's promise.   (*Wilcox* v. *Green,* 23 Barb. 641; 1 Phill. on Evidence, 3 Am. Ed. 194–5: *Wetmore* v. *Mell,* 1 McCook, Ohio, 26; *Hutton* v. *Mansell,* 6 Mod. 172: *Peppinger* v. *Low,* 1 Halst. 384; 1 Greenleaf Ev. Sec. 108; 8 Carr & Payne, 75.)

*McAllisters & Bergin,* for Respondent.

It is true, that under the Constitution Courts are forbidden to "charge juries with respect to matters of fact," but they may state the testimony and are bound to state the law.   The answer at once suggests itself to the present objection that the Court was not and did not charge the jury with respect to matters of fact.   Objection having been made to the admissibility of the evidence the Court was necessarily compelled to rule upon the point, and in so doing was compelled for the purposes of its ruling to consider and pass upon the state of the proofs.   How else decide any question of law in the course of a trial?   The rule is uniform, and indeed, it forms an essential part of the definition of an exception that it must be taken upon a fact or facts not denied.   (Matter of the suit of Bowen, 34 Cal. 686.)   How, then, can the Court otherwise dispose of an objection to the competency or relevancy of testimony than by provisionally, as it were, passing upon the condition of the proofs at the time?   The power of the Court to pass upon a motion for a nonsuit is not questioned; indeed it was decided in this State at an early day.   (*Ringgold* v. *Haven,* 1 Cal. 213; *Moritz* v. *Melhorn,* 23 Pa. 334.)

There was no error in admitting evidence of plaintiff's announcement to her friends of her engagement to marry the defendant, even though made in his absence. Having engaged to marry the plaintiff, the defendant thereby authorized her to announce the fact to her friends. This necessarily results from the nature and purpose of the engagement and the usages of society with reference to which he is legally presumed to have made it. The law has always allowed implication of a promise to marry from the acts and conduct of the parties; and their declarations to others of the fact of the promise, even though made in the absence of each other, are regarded as none the less competent evidence. The following authorities are directly to the point: *Peppinger* v. *Law*, 1 Halst. 384; *Moritz* v. *Melhorn*, 23 Pa. 331; *Wetmore* v. *Mell*, 1 Ohio, 26; *Wilcox* v. *Green*, 23 Barb. 640; *King* v. *Kersey*, 2 Carter, Ind. 403; *Hutton* v. *Mansell*, 6 Mod. 172; *Whitcomb* v. *Wolcott*, 21 Verm. 373; *Culver* v. *Dwight*, 6 Gray, 445.

There was no error in refusing to allow defendant to extend his cross-examination. (*The Great Western Turnpike Co.* v. *Loomis*, 32 N. Y. 127; *Le Beau* v. *The People*, 34 N. Y. 230.)

By the Court, NILES, J.:

Action for breach of promise of marriage. The plaintiff having recovered a verdict, the defendant moved for a new trial, which was refused. The defendant appeals from the order of refusal and from the judgment.

1. At the trial, and after evidence had been introduced tending to show the proposal of marriage by the defendant, and its acceptance by the plaintiff, the Court, against the objection of the defendant, admitted evidence that the plaintiff, within a few days after the proposal and acceptance, had announced the fact of the engagement to a number of ladies with whom she was intimate, and whom she invited to attend the wedding. This evidence was admitted upon the express ground that, if the plaintiff was entitled to recover at all, the fact sought to be proven would be an

element to be considered in the estimate of damages. This ruling is now urged as one of the principal grounds of error.

The action for breach of promise of marriage is peculiar in its nature, and the elements going to constitute the damage differ materially from those existing in the case of a breach of any other contract. It is the duty of the jury to look beyond the contract itself for the measure of damages, and give to the injured party a full compensation for all loss in not having the contract fulfilled. This has always been held to embrace the injury to the feelings, affections and wounded pride, as well as the loss of marriage. The difficulty arising from the very nature of the case, of fixing any accurate rule by which to estimate the damages arising from these sources, has rendered it necessary to give a great latitude to the introduction of evidence, and to the admit the jury to a full knowledge of all the circumstances attending the transaction, not only in its inception, but during the continuance of the relationship between the parties.

It cannot be doubted that knowledge of the fact of a marriage engagement by the intimate friends and relatives of a party to the contract, with whom she has frequent and familiar intercourse, would increase in a considerable degree the annoyance and mental suffering occasioned by a sudden discontinuance of the relationship. A rule which admits evidence of this character would not have the effect, as suggested in the argument, of allowing a designing person, by premeditation and artifice, to enhance the damages she might receive in case of an anticipated breach of the contract, by a general and immodest publication of the engagement; for such behavior would naturally injuriously affect the complainant in the judgment of the jury, and would tend to diminish, rather than augment, the damages. But the announcement of the engagement to a few intimate friends may be neither improper nor unbecoming, and certainly requires no express authorization. We think the jury should be permitted to consider this, with the other circumstances of the case, in estimating the injury occasioned to the plaintiff by a breach of the contract.

2.   But it is urged by the appellant as a ground of error, that the Court in passing upon the admissibility of the evidence we have considered, remarked in the presence and hearing of the jury in substance, that as the case then stood, a *prima facie* promise had been proven: and it is claimed that this amounted to a decided expression of opinion by the Court upon the weight of evidence, which could not · fail to influence the decision of the jury upon a matter of fact directly in issue.

It frequently happens that the admissibility of a particular piece of evidence depends upon the establishment of some necessary preliminary fact.  In such case the Court must determine what facts have been shown to exist, in order to determine what further facts may properly be shown.   It is not unusual or improper for the Judge in passing upon such a question, to announce, for the guidance and benefit of counsel, the reasons which controlled him in the admission or rejection of proferred evidence.  .This necessarily involves the expression of an opinion upon the evidence already introduced.  But this expression is not addressed to the jury, or intended for their guidance, as is an instruction given at the request of counsel, or by the Court upon its own motion, and which it is the duty of the jury to follow strictly and without questioning.

In this case the Court, before admitting the testimony offered, was bound to determine whether sufficient evidence of the promise had been given to establish a *prima facie* case.   The mere announcement of his ruling would have been equivalent to an expression of his opinion upon this point.   While the expression of the learned Judge that as the case then stood a *prima facie* promise had been proven, might be the subject of criticism if presented to the jury as a formal instruction, we think it meant no more, as used, than that evidence had been given tending to show the promise, sufficient to lay the foundation for the introduction of the proposed testimony.   Moreover, whatever impression may have been made upon the minds of the jury by the language of the Court, must have been removed by its subsequent instructions.   They were not only told that they

should not be influenced "by any apparent expression of opinion as to the facts, made by the Court," but were fully instructed that the question whether a promise had been made or not, was to be determined by them, from the evidence.

3.   The fourth ground for new trial assigned by the defendant was "error in law in not permitting the defendant's counsel to cross-examine the plaintiff when on the stand as a witness in her own behalf, as to matters affecting her character and conduct, and as to matters affecting her credibility."

The statement is defective in the respect that it does not sufficiently particularize the ruling to which it is intended to apply.   We are referred, however, by the brief of counsel to the ruling of the Court upon the defendant's proposal to show in cross-examination of the plaintiff, that she had formerly resided in a certain house, and had been accustomed to visit it from time to time, and that it was kept by a notorious procuress.   It appears from the transcript that the witness had already testified fully upon this point before any objection was made by the plaintiff's counsel.   No motion to strike out the testimony was made, and it was before the jury for their consideration.   While the transcript is very indefinite in this regard, the ruling of the Court in refusing to allow a continuance of the examination upon the point seems to have been placed upon the two grounds, that the cross-examination was being protracted to an unreasonable length, and that the alleged bad character of the witness, being a substantial and affirmative defense, could not be inquired into upon cross-examination of the plaintiff's witnesses.

We do not think it necessary or profitable to discuss the principle embraced in the latter proposition.   While a large latitude should be allowed in the cross-examination of a witness, for the purpose of developing the truth, and more especially where the witness is a party in interest, the Court has the power, in the exercise of a sound discretion, to confine the examination within reasonable limits; and when we consider that the principal facts proposed to be

shown by the witness were already before the jury, and that a searching and minute cross-examination had occupied more than a day, we do not think the Court went beyond its discretionary powers in prohibiting its continuance on the line proposed by counsel.

4.  It is urged by the defendant, as error, that the Court allowed one of defendant's witnesses "to be recalled and examined by the plaintiff upon important matters, to lay a foundation for discrediting or impeaching her."

We have been referred to no authority, and can find none, which limits the power of the Court, in its discretion, to permit a witness to be recalled for examination in chief, or cross-examination, at any time during the progress of the trial, whether for the purpose of proving or disproving a material issue, or for the purpose of laying a foundation for impeachment. We cannot say, from anything contained in the transcript, that there was any abuse of this discretion. Nor can we say that the matters offered to be shown were impertinent; for the offer of the letters of the witness, the proof of which appears to have been the sole object of the re-examination, was withdrawn, by consent of counsel, for reasons which we can only conjecture, but must presume to have been sufficient.

5.  The charge that the jury "have a right to consider, in aggravation or enhancement of damages, whether or not the defendant has wantonly come into Court and attempted to show the plaintiff guilty of improper conduct with other men, of which she was innocent," is claimed by the appellant to have been erroneous.

We think there was no substantial error in this charge. In *Southard* v. *Rexford*, 6 Cowen, 260, it was said: "When the defendant attempts to justify his breach of promise of marriage by stating upon the record, as the cause of his desertion of the plaintiff, that she had repeatedly had criminal intercourse with various persons, and fails entirely in proving it, this is a circumstance which ought to aggravate the damages. A verdict for nominal or trifling damages, under such circumstances, would be fatal to the character of the plaintiff, and it would be a matter of regret, indeed,

if a check upon a license of this description did not exist in the power of the jury to take it into consideration in aggravation of damages."

We think the doctrine of this decision is correct. It is true the defendant has a right to plead criminal or disgraceful conduct of the plaintiff in justification of his breach of the contract; and this plea may have been interposed in the utmost good faith, notwithstanding he is unable to sustain it by evidence amounting to proof in the estimation of the jury. But it is a question of good or bad faith for the jury to determine. And the failure to offer any evidence whatever in support of the damaging averment, or the introduction of evidence apparently fabricated, or so frivolous that it was equivalent to an entire failure of proof, would tend to show that bad faith on the part of the defendant which increases the injury, and ought to enhance the damages.

In the subsequent case of *Kniffin* v. *McConnell*, 30 N. Y. 289, the jury had been instructed, at the request of plaintiff, that "if the defendant had come into Court and attempted to prove her guilty of misconduct with other men, of which he knew she was not guilty," it aggravated the injury and damages. There was no allegation in the answer of misconduct upon the part of plaintiff, and in this respect it differed from the case of *Southard* v. *Rexford*. But the majority of the Court held that the charge was not erroneous, "and that attempting to give such matters in evidence, though not set up in the answer as a defense, if not made out, warrants the charge that it should aggravate the damages."

In the present case the charge of misconduct was distinctly made in the answer, and evidence upon the point was introduced. We think that if the jury should be satisfied, from the whole evidence, that this testimony was offered in bad faith, they should be permitted to consider that fact in enhancement of damages, both as tending to show the animus of the defendant and as being an injury to the feelings and wounded pride of the plaintiff.

It is urged by the appellant that this portion of the charge contains nothing to prevent the jury from inferring that

evidence of unchastity would aggravate the damages, although offered in good faith upon the part of the defendant. The word "wantonly," although perhaps not the most apt term that could have been chosen, substantially expressed the idea of bad faith. In the connection in which it was used, it conveyed the idea of a charge made and sought to be maintained carelessly and recklessly and in a manner inconsistent with a sincere and well founded conviction of its truth. We think, taking into view the entire charge upon this subject, that the jury could not have been misled to the prejudice of the defendant by the language used.

6. The Court charged the jury that it was their province "to take into consideration on the question of damages the pecuniary condition of the defendant." We do not understand the counsel for defendant to contend now, that this charge is erroneous as an abstract proposition—although the only point made in the statement for new trial was, that the charge was an erroneous statement of the law—but it is claimed that it was error to give it in this case, because there was no legal evidence of the defendant's pecuniary condition. But the plaintiff testified fully to the defendant's declaration as to his wealth made to her immediately prior to the engagement. No exception was taken to this testimony at the trial, and this is a sufficient answer to the objection, now made for the first time, that the fact was not established by legal evidence.

7. The alleged newly discovered evidence goes entirely to the point of the unchastity and improper conduct of the plaintiff. This was one of the questions in controversy at the trial, and upon which much evidence was introduced. The defendant now asks for a new trial, that he may multiply witnesses to acts upon the part of the plaintiff of the same general character as those proven at the former trial, and differing therefrom only in the times and manner of their commission. This evidence is merely cumulative, and is not good cause for a new trial. (*Waller* v. *Graves*, 20 Conn. 310; *Stokes* v. *Monroe*, 36 Cal. 388.) Moreover, considering the character of the evidence proffered, we cannot say that the Court might not have reasonably in-

ferred that the verdict would have been the same if the evidence had been in.

. Several other points were made in the case which we do not deem it necessary to discuss.   We find no error requiring a reversal.

Judgment and order affirmed.

Mr. Justice RHODES did not express an opinion.