[No. 9486. Department Two.—August 27, 1885.]

GEORGE E. WHITE, Respondent, v. JOSEPH H. DISHER, Appellant.

FALSE WITNESS MUST BE DISTRUSTED—INSTRUCTIONS.—Under section 2061, subdivision 3, of the Code of Civil Procedure, a witness false in one part of his testimony *is to be* distrusted in others, and an instruction to the jury that such a witness *may* be distrusted is error.

ID.—PRESUMPTION AS TO DISTRUST—FUNCTION OF JURY.—The distrust which is cast upon a witness wilfully false in a material part of his testimony is a presumption of law for the court, with which the jury have nothing to do, except to receive and act upon it. It is a rebuttable presumption, however, and may be overcome by facts and circumstances of which they are the sole judges.

APPEAL from a judgment of the Superior Court of Trinity County, and from an order refusing a new trial.

The facts are stated in the opinion.

*W. J. Tinnin*, and *T. L. Carothers*, for Appellant.

*C. E. Williams*, *J. W. Philbrook*, *L. D. Latimer*, and *Frederick S. Stratton*, for Respondent.

SEARLS, C.—Action to recover damages on breach of contract. Plaintiff had verdict and judgment for $714 and costs. Defendant moved for a new trial, which was denied, and the appeal is from final judgment and order overruling motion for new trial.

We have examined the several errors assigned by appellant, and conclude that with a single exception they are not supported by law.

The exception referred to is as follows:—

At the trial defendant asked the court to instruct the jury in these words:—

"A witness wilfully false in one part of his testimony is to be distrusted in his other testimony." The instruction was modified by the court by striking out the words "is to," and inserting in lieu thereof the word "may," so that the instruction as given reads: "A witness wilfully false in one part of his testimony *may* be distrusted in his other testimony."

To which modification of the instruction defendant excepted, and the ruling is assigned as error.

Section 2061 of the Code of Civil Procedure, subdivision 3, provides: "That a witness false in one part of his testimony is to be distrusted in others."

The rule as formulated in the Code is substantially the same as that laid down by law-writers and followed by the courts prior to the adoption of our Codes.

In *People* v. *Sprague*, 53 Cal. 494, the court say: "The maxim *falsus in uno, falsus in omnibus*, is not to be construed as authorizing a court to charge that if a witness *perjures* himself in respect to one or more particulars, the jury must reject all his testimony. (*People* v. *Strong*, 30 Cal. 156.)

"The rule is that the jury *may* reject the whole of the testimony of a witness who has wilfully sworn falsely as to a material point, that is to say, the jury being convinced that a witness has stated what was untrue, not as the result of mistake, or inadvertence, but wilfully and with the design to deceive, must treat all his testimony with distrust and suspicion, and reject all, unless they shall be convinced, notwithstanding the base character of the witness, that he has in other particulars sworn to the truth.

"The third subdivision of section 2,061 of the Code of Civil Procedure is but declaratory of the rule above considered, and by requiring a jury to distrust, necessarily authorizes them to reject all the testimony of such a witness in a proper case."

In that case defendant's counsel had asked the court to instruct the jury in the language of the Code, and the court had added the word "wilfully" before the word "false," and the contention in this court was as to the propriety of such addition, and it was held proper, and that "the word 'wilfully' did not change the effect of the instruction as offered." *People* v. *Soto*, 59 Cal. 367, and *People* v. *Hicks*, 53 Cal. 354, are to the same general effect.

The question involved in the present case is, however, somewhat different from the contention in those cited.

Here the law provides that a witness wilfully false in one part of his testimony *is to be distrusted*, not that the jury *may* or *may not* distrust his testimony, but they are to be told, that as matter of law, his testimony *is to be* distrusted. This distrust forms the basis or standpoint from which they must view his testimony, the standard by which to weigh his utterances. It

is true that notwithstanding this legal distrust which the law casts upon a witness wilfully false in a material part of his testimony, the jury may believe him upon other points—they are to be the sole judges as to that—there may be abundant reasons why they not only *may*, but why they should believe him in other particulars. The truth is not to be rejected, because it passes through a false medium, but as to the existence of the truth the jury is the sole judge.

The jury was told that in such cases a witness *may* be distrusted; the law says he *is to be* distrusted, that is, that he must be distrusted. A thing that *is to be, must be.* The distrust which is cast upon a witness wilfully false in a material part of his testimony is a presumption of law for the court, and with which the the jury has nothing to do except to receive and act upon. It is a rebuttable presumption, to be overcome by facts and circumstances of which they are the sole judges.

The word "may" inserted by the court, was not synonymous with the "is to," of the Code; it imported to the jury that they might or might not, at their option, distrust a witness, wilfully false in one portion of his testimony, when as matter of law they *must* distrust him, and may or may not, notwithstanding such distrust, believe him.

The law presumes every man accused of crime innocent until his guilt is shown. This is a presumption not to be acted upon or rejected by a jury at their will or pleasure. So a witness wilfully false is to be distrusted by a jury, and with this distrust as a factor in the problem, they may, they are at liberty to, believe or not to believe him in other particulars.

We think the court below erred in its modification of the instruction, and that for such error the judgment and order should be reversed and a new trial ordered.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded for a new trial.

Hearing in Bank denied.