## BROWN v. GRIFFITH.

### No. 9974; January 26, 1886.

**9 Pac. 425.**

**Witnesses—Credibility—Weight of Testimony.—An Instruction to the Jury** that, "if you believe any witness has sworn falsely as to any material fact, you must disbelieve such false statement, and may disbelieve the whole of his or her testimony," is good as far as it goes, and a refusal of it is erroneous; but an instruction that, "if you believe that any witness has willfully testified falsely in regard to any fact material to the issue, you are at liberty to disregard or entirely discard any part of the testimony of such witness," is erroneous, as it is not in accord with section 2061 of the California Code of Civil Procedure, which provides that "a witness false in one part of his testimony is to be distrusted in others."

APPEAL from Superior Court, County of Fresno.

Wharton & Shaw and J. R. Webb for appellants; W. D. Tupper and Sayle & Harris for respondents.

ROSS, J.—Counsel for defendants requested the court below to give this instruction to the jury: "If you believe any

witness has sworn falsely as to any material fact, you must disbelieve such false statement, and may disbelieve the whole of his or her testimony.''

The court refused to give the instruction, but instead gave this: ''If you believe that any witness who has testified in this case has willfully testified falsely in regard to any fact material to the issue, you are at liberty to disregard and entirely discard any part of the whole testimony of such witness in coming to your verdict.''

To the action of the court in each particular defendants excepted.

The instruction the defendants requested was good as far as it went, but it was not as favorable to them as it might have been made. It cannot admit of doubt that if a witness has sworn falsely as to any material fact, such false statement should be rejected by the jury. By section 2061 of the Code of Civil Procedure it is provided ''that a witness false in one part of his testimony is to be distrusted in others.'' As was said by this court in White v. Disher, 67 Cal. 402, 7 Pac. 826: ''Here the law provides that a witness willfully false in one part of his testimony is to be distrusted; not that the jury may or may not distrust his testimony, but they are to be told that, as matter of law, his testimony is to be distrusted. This distrust forms the basis or standpoint from which they must view his testimony—the standard by which to weigh his utterances. It is true that notwithstanding this legal distrust which the law casts upon a witness willfully false in a material part of his testimony, the jury may believe him upon other points—they are to be the sole judges as to that. There may be abundant reasons why they not only may, but why they should, believe him in other particulars. The truth is not to be rejected because it passes through a false medium, but as to the existence of the truth the jury is the sole judge.''

The action of the court below in relation to the instructions in question was not in accord with these views.

Judgment and order reversed and cause remanded for a new trial.

We concur: McKee, J.; McKinstry, J.