## BAUMLE v. VERDE.

No. 1881.   Opinion Filed June 25, 1912.

(124 Pac. 1083.)

1.  **TRIAL—Instructions—Objection.** An objection to oral instructions that the ''defendant excepts to the giving of each instruction'' is sufficient to preserve for review errors therein.

2.  **BREACH OF MARRIAGE PROMISE—Exemplary Damages.** The law in reference to the damages recoverable in an action for breach of promise of marriage is analogous to that in actions for torts, and exemplary damages may be awarded upon like grounds.

3.  **SAME.** In an action for damages for breach of a promise of marriage, the court instructed the jury that if it found that defendant made a contract to marry, and thereafter broke the same, it might award to plaintiff such an amount of damages, aside from the actual damages, in the nature of punitive or exemplary damages as it might think proper, under all of the circumstances in the case. **Held** error; under section 2887, Comp. Laws 1909, exemplary or punitive damages are allowable only where the defendant has been guilty of oppression, fraud, or malice, actual

or presumed, and an instruction which ignores these elements and allows the jury to return a verdict for exemplary or punitive damages in any event on the breach of the contract is error.

4.    **SAME—Evidence.** On the trial of an action for breach of promise, any evidence, written or oral, tending to shed light upon the issues of the cause and which will tend to disclose the actual relationship of the parties in reference thereto is admissible.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by Emma Verde against Louis Baumle. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*Woods & Miley,* for plaintiff in error.

*Crossan, Lockridge & Heckaman,* for defendant in error.

DUNN, J.    This case presents error from the superior court of Pottawatomie county. October 12, 1908, defendant in error as plaintiff filed her amended petition in the district court of the said county in which she alleged that the defendant, Louis Baumle, and the plaintiff, on or about October 8, 1907, at Chicago, Ill., made and entered into a verbal contract of marriage; that defendant represented himself to be possessed of considerable wealth and influence and able to provide a comfortable home and suitable social position for the said plaintiff as his wife; and that he was at that time possessed of real property of the reasonable value of $50,000. That the plaintiff was a widow of marriageable age, and relied upon defendant's promises and made preparations to marry him; that, after all of the arrangements had been completed, the said defendant, without reason or explanation, refused to carry out his agreement; that plaintiff has at all times since the date of the said promise been ready and willing to marry the said defendant, but that the said defendant, though often requested, has refused to perform and fulfill his promise of marriage. That by reason thereof the plaintiff has suffered much pain and humiliation, blighting of affections, and embarrassment

of social position, and has undergone great mental anguish and permanent physical distress, to her damage in the sum of $10,000. To the said petition defendant filed for answer a general denial. Thereafter, and on September 18, 1909, the said cause was, on order of the judge of the district court, transferred to the docket of the superior court in and for the said county, and, on the issues made by the pleadings, the cause came on for a trial before a jury, which, after hearing the evidence of all parties, returned a verdict in the sum of $4,000, on which judgment was rendered by the trial court. After motion for new trial was filed and denied, the cause was regularly lodged in this court for review.

Several assignments of error are presented by counsel for defendant, only one of which, relating to a certain instruction given, in our judgment is of substantial merit. The court instructed the jury orally. At the conclusion of the charge, counsel for defendant made the following objection:

"Defendant excepts to the giving of each instruction, and excepts to the court's refusing to give the instruction requested at the time."

Counsel for plaintiff contend in their brief that the language of this exception is not sufficient to save and present for the consideration of this court any error which may have been committed by the trial court, in the giving of any of the instructions. In this objection we are not able to concur. In the case of *Kansas Pac. Ry. Co. v. Nichols, Kennedy & Co.,* 9 Kan. 235, 12 Am. Rep. 494, the objection taken to the instructions was substantially the same as that urged in the case at bar. The court in the syllabus said:

"A general exception to a whole charge is insufficient if any portion of the charge is correct; but, where the record of the exceptions reads as follows, to wit, 'To the giving of which instructions, and to each and every portion thereof, said defendant by its counsel then and there duly excepted,' the Supreme Court will presume that exceptions were duly taken to each and every portion of the charge separately. Such has been the uniform practice of this court."

See, also, *Lorie v. Adams,* 51 Kan. 692, 33 Pac. 599.

The exception here made is to the giving of *each* instruction, and this in our judgment was sufficient. The instructions to which counsel for defendant direct their complaint read as follows:

"You are instructed that if you find from the evidence that the defendant, in making this contract, if you find that he did make one, acted in bad faith, or if you find that he broke his contract or agreement, if you find that he did make one, then you may award to the plaintiff such an amount of damages, aside from any actual damages assessed in the nature of punitive damages or exemplary damages, as you think will be proper under all the circumstances in the case."

And to the following instruction:

"You are further instructed that in arriving at the amount of damages, which you may award the plaintiff, if you find for the plaintiff in this case, you may consider all the circumstances in the case, and, if you find for the plaintiff, give her such an amount of damages as will compensate her in the manner already explained to you, and if you find any punitive damages should be awarded, then assess to the plaintiff such punitive damages as you think proper, and the sum of all awarded must not exceed the sum of $10,000."

The objection to the foregoing instructions is that the court not only told the jury that it might allow exemplary damages if they found the defendant acted in bad faith in making the contract, if one was made, but went further and told the jury, if they found merely that defendant broke his contract or agreement, they might on that account alone award exemplary or punitive damages, and this latter clause it appears was without reference to whether the defendant entered into the contract in good or bad faith or was guilty of any fraud or malice either in making or in the breach thereof. It is insisted that this instruction was not cured by any of the other instructions given, but the injury done was accentuated by the language used in the second instruction, in which the jury was directed, if it found any punitive damages should be awarded, to assess to the plaintiff such as it might think proper, except the sum of all awarded must not exceed $10,000.

Section 2906, Comp. Laws 1909, provides that "the damages for the breach of a promise of marriage rest in the sound discretion of the jury." While the action for breach of promise of marriage is one which has its inception in the violation of an obligation growing out of a contract, the authorities have, since a very early date, very generally treated the action as one carrying with it, as to damages, the elements of a tort. *Johnson v. Travis*, 33 Minn. 231, 22 N. W. 624; *Glasscock v. Shell*, 57 Tex. 215; *Kelley v. Highfield*, 15 Ore. 277, 14 Pac. 744; *Thorn v. Knapp*, 42 N. Y. 474, 1 Am. Rep. 561; *Kniffen v. McConnell*, 30 N. Y. 285. See, also, 5 Cyc. 1021, and cases cited under note 78, and 1 Sedgwick on Damages (8th Ed.) sec. 370.

The rule generally accepted by text-writers and courts is stated by the Supreme Court of Minnesota in the case of *Johnson v. Travis, supra,* to be as follows:

"The law as to damages in this class of actions is exceptional, being in some respects analogous to the rules prevailing in actions for torts; and exemplary damages may be awarded upon like grounds as in actions of the latter class." (Citing authorities.)

The statutory rule of this state under which a jury is authorized, in addition to the actual damages, to give damages for the sake of example and by way of punishing a defendant, is contained in section 2887, Comp. Laws 1909, and it applies to those cases "where the defendant has been guilty of oppression, fraud, or malice, actual or presumed."

The rule as announced by the Supreme Court of Michigan in the case of *Goddard v. Wescott*, 82 Mich. 180, 46 N. W. 242, is as follows:

"While exemplary damages may be recovered in a suit for breach of promise to marry as a part of the general damages, in a proper case, and without specially pleading the facts warranting the allowance of the same, it must appear that there has been something more than a refusal, without sufficient legal excuse, to carry out the contract, before such damages can be recovered."

In the case at bar the plaintiff does not plead any facts showing that defendant was guilty of "oppression, fraud, or malice, actual or presumed," and in our judgment there is no evidence to support a verdict for damages with these elements as a basis.

The parties had both been married before.   Defendant lived in the city of Shawnee, Okla.   Plaintiff was employed as a cashier in a store in Chicago, Ill.   After becoming acquainted by correspondence, defendant visited Chicago for the purpose of meeting plaintiff, and remained in the city about a week or ten days, which was the period of their personal intercourse during their courtship.   The balance of their intercourse was through correspondence, which covered several months.   Concerning the treatment of her, plaintiff testifies that, after defendant had been in Chicago a few days, he asked her, "What do you think of me?" and to which she replied, "I like you."   Plaintiff, testifying, then said:

"He was a very respectable man; I didn't think at the time he was this character of man; and he ask me a lot of more of interrogations, and I said, 'You have character too, for I saw it in your letters,' and every letter he wrote was nice as could be, and I thought we could be happy together."

—and:

"I always had a good feeling for the man, from the first that I saw his picture I studied it for about twenty minutes, and I knew that I was not a child any more, but if he was good, and through his letters I saw that he was not talking nonsense like young couples do, and that he was a respectable man and never mentioned any wrong thing and seemed to be well satisfied."

It appears that the defendant wrote plaintiff several letters after leaving her in Chicago, at which time he had, as the jury found, agreed to marry, and then without any explanation ceased to write, and did not answer the letters which she wrote to him. Herein, in our judgment, was simply a refusal on the part of the defendant, without sufficient legal excuse, to carry out the contract which he had made, and this, within the holding of the Supreme Court of Michigan, in the case of *Goddard v. Westcott,* *supra.* is not a sufficient basis to support exemplary damages.

The jury was instructed, as we have seen, if it found that defendant broke his contract or agreement, if it found that he made one, then it could award to the plaintiff punitive or exemplary damages such as it might think proper under all of the circumstances of the case.   This would allow exemplary and

punitive damages in every case where plaintiff could recover. Under the statute with reference to the measure of damages recoverable in this character of a case, and the elements necessary to support a finding of exemplary damages, this instruction was error.

The other objections which are urged relate to the admission of evidence and are, in our judgment, without merit. Plaintiff is entitled to have introduced on the trial of this cause all evidence showing communications between herself and the defendant which will assist in presenting her side of the controverted propositions, and we are not able to say that the letters to which objections are urged do not tend, at least to some extent, to throw light upon the situation.

The judgment of the trial court is therefore accordingly reversed, and the cause remanded, with instructions to set the verdict and judgment aside and grant defendant a new trial.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., absent, and not participating.