[Civ. No. 7190. First Appellate District, Division One.—November 18, 1930.]

ALEXANDRIA BELM, Respondent, v. JESSE PATRICK, Appellant.

600

Joseph A. Brown for Appellant.

William M. Malone for Respondent.

THE COURT.—This action was brought by plaintiff, Alexandria Belm, against the defendant, Jesse Patrick, for damages for an alleged breach of promise to marry.

The complaint averred that on November 15, 1927, the parties agreed to marry, and that the promise was repeated on several occasions, the last promise being on February 25, 1928. It was charged that defendant breached the contract on August 3, 1928, by marrying another person. A trial by jury was had and a verdict rendered in favor of the plaintiff for $2,500. Following a motion for a new trial, which was denied, the defendant appealed from the judgment. As grounds therefor it is contended that the trial court erred in its rulings upon the admissibility of certain evidence and in its instructions to the jury.

The parties—both of whom were married at the time—commenced to live together in 1921. The plaintiff was then a waitress in a dance-hall near the waterfront in San Francisco, and the defendant conducted an establishment in the same neighborhood, where, according to his testimony, soft drinks were sold. Shortly after their relations commenced the defendant procured a divorce from his wife, and in 1926 the plaintiff was divorced from her husband, the expense incurred being paid by the defendant. The parties con-

tinued to live together until June 28, 1928, when they separated.

The defendant was called as a witness under section 2055 of the Code of Civil Procedure; and it appeared from his testimony that the parties while living together had on one occasion visited Yosemite Valley. He was asked if he was not told by the plaintiff on this occasion that she had registered at the hotel as his wife. An objection to the question was overruled, and the ruling is assigned as error. This fact was relevant, and the question was proper on cross-examination.

On the cross-examination of the plaintiff she was asked whether she did not at one time live with one Silva as his wife. An objection thereto was sustained, and this is also assigned as error. Later, in response to a similar question by defendant, she testified that she had never lived with Silva. Any error in the ruling complained of was cured by this testimony. She was also asked whether Silva shortly before the alleged breach of promise gave her a pair of earrings. An objection to this question was also sustained. While the question was proper on cross-examination the fact was not sufficiently material to make its rejection prejudicial error.

Another witness called by the defendant testified on cross-examination to the state of plaintiff's feelings after she and the defendant had separated. This testimony tended to prove that the breach caused her mental suffering. Defendant's counsel then asked the following question: "Was there anything to drink there that night?" To which an objection was sustained. The question was improper on redirect examination and the ruling was correct.

The defendant further complains that he was not permitted to testify in rebuttal that, contrary to plaintiff's claim, he never had sexual intercourse with her. There is no merit in this contention, as the court merely suggested that the testimony was immaterial, stating, however, that the defendant might proceed, but his counsel thereupon withdrew the question.

Defendant also sought to show by the testimony of a witness that the latter had sexual intercourse with the plaintiff in 1919. An objection thereto was sustained on the ground that the offered testimony was not relevant

to the issues. Defendant by his answer merely denied the promise to marry and the damage alleged. While neither party is bound by a promise made in ignorance of the other's want of personal chastity, and either is relieved therefrom by unchaste conduct on the part of the other unless both participate therein (Civ. Code, sec. 62), it is nevertheless the rule that where a defendant relies upon the plaintiff's unchastity it must be specially pleaded (*Reed* v. *Clark*, 47 Cal. 194; *Bowman* v. *Bowman*, 153 Ind. 498 [55 N. E. 422]; *Herriman* v. *Layman*, 118 Iowa, 590 [92 N. W. 710]; *Bracken* v. *Dinning*, 141 Ky. 265 [132 S. W. 425]; *Cox* v. *Edwards*, 120 Minn. 512 [139 N. W. 1070]; *Kniffen* v. *McConnell*, 30 N. Y. 285); nevertheless a defendant may prove the bad character of plaintiff for chastity as bearing on the question of damages (*Cox* v. *Edwards, supra; Gerlinger* v. *Frank*, 74 Or. 517 [145 Pac. 1069]), and this may be shown by particular acts of unchastity (Wigmore on Evidence, sec. 213; *Sheahan* v. *Barry*, 27 Mich. 217, 221; *Stratton* v. *Dole*, 45 Neb. 472 [63 N. W. 875]; *Gerlinger* v. *Frank, supra; Burnett* v. *Simpkins*, 24 Ill. 265; *Dupont* v. *McAdow*, 6 Mont. 226 [9 Pac. 925]; *Albertz* v. *Albertz*, 78 Wis. 72 [10 L. R. A. 584, 47 N. W. 95]; *Freeman* v. *Bennett*, (Tex. Civ. App.) 195 S. W. 238; *Houser* v. *Carmody*, 173 Mich. 121 [139 N. W. 9]; *Carney* v. *McGilvray*, 152 Miss. 87 [119 South, 157, 159]; *Colburn* v. *Marble*, 196 Mass. 376 [124 Am. St. Rep. 561, 82 N. E. 28]), previous to as well as during the continuance of the engagement (9 Cor. Jur., Breach of Marriage Promise, sec. 77, p. 369, and cases cited).

█ Another witness for the defendant testified that the plaintiff on one occasion, in referring to the separation, declared that "she didn't care because she had plenty of friends on the waterfront who would take care of her". He was then asked as to her conduct on this occasion. The witness replied that it was bad, but the court declined to allow counsel to pursue the inquiry, and this is also assigned as error. Her conduct on this occasion would add but little to the force of her declarations, and the rejection of the testimony, though the same had some relevancy, was not prejudicial.

█ The plaintiff testified to statements by the defendant as to his wealth. It has been held that a jury may

consider such evidence in estimating damages (*Reed* v. *Clark, supra*).

Plaintiff's testimony in this particular was not denied by the defendant upon his examination in chief. Later his counsel requested permission to recall him, stating, "We wish to place the defendant on the stand again regarding his financial condition." Permission to do so was refused. Section 2050 of the Code of Civil Procedure provides that "A witness once examined cannot be reexamined as to the same matter without leave of the court, but he may be reexamined as to any new matter upon which he has been examined by the adverse party, and after the examinations on both sides have been once concluded the witness cannot be recalled without leave of the court. Leave is granted or withheld in the exercise of sound discretion." The defendant had not rested his case. Statements as to his financial condition were related in detail by the plaintiff from which it might be concluded that he was worth approximately $50,000; and it is evident from the record that his counsel inadvertently omitted to inquire regarding the matter while the defendant was on the stand. The evidence was material on the question of damages, and it cannot be contended that it would have worked a surprise on the plaintiff. Under the circumstances we think the court should have allowed the defendant to be recalled, and that its refusal was an abuse of discretion (*Barry* v. *Bennett*, 45 Cal. 80).

It was also testified that the defendant on one occasion introduced the plaintiff as his wife. The witness was asked on cross-examination if he knew any reason for her being so introduced. An objection to the question was sustained. Like many other questions asked by defendant's counsel, the materiality of the evidence sought to be elicited is not apparent nor was its purpose suggested to the trial court. While, so far as appears, the question was not improper, the court has discretionary power over cross-examination, which will not be disturbed on appeal unless its discretion has been abused (*Grimbley* v. *Harrold,* 125 Cal. 24 [73 Am. St. Rep. 19, 57 Pac. 558]), and we cannot say that in this instance there was an abuse of discretion.

The jury was charged substantially in the language of section 2061 of the Code of Civil Procedure, which has been held to be proper (*O'Rourke* v. *Venne-Kohl,* 104

Cal. 254 [37 Pac. 930]). The court further explained that the section has reference to witnesses wilfully false and not to those who from defective memory or understanding may have testified otherwise than according to the facts. The court also stated in effect that while a witness wilfully false in part should be distrusted as to all his testimony, the weight to be given to the part not wilfully false was a question for their determination. The instruction correctly stated the law. As the court said in *White* v. *Disher*, 67 Cal. 402, 403 [7 Pac. 826], quoting from a previous decision: "The rule is that the jury may reject the whole of the testimony of a witness who has wilfully sworn falsely as to a material point, that is to say, the jury being convinced that the witness has stated what was untrue not as the result of mistake or inadvertence, but wilfully and with a design to deceive, must treat all his testimony with distrust and suspicion, and reject all unless they shall be convinced, notwithstanding the base character of the witness, that he has in other particulars sworn to the truth." It was for the trial court or the jury to determine to what extent the falsity of a part of the testimony of a witness affects the weight to be given the rest of his testimony (*Rolland* v. *Porterfield*, 183 Cal. 466 [191 Pac. 913]), and the rule of rejection does not apply when the witness is innocently mistaken (*People* v. *Strong*, 30 Cal. 151; *People* v. *Sprague*, 53 Cal. 491).

 It was testified that the parties lived together for some years and that the plaintiff performed the services usually rendered by a housewife. The court instructed the jury that this testimony was admitted only as evidence upon the question whether there was a promise of marriage, and further, that the plaintiff was not entitled to recover on any ground other than the breach of the alleged promise. The defendant criticises the language of the instruction, claiming that the jury might have concluded therefrom that in case they found for the plaintiff it would be proper to make an allowance for her services as a housekeeper. The instruction was sufficiently clear and did not in our opinion mislead the jury.

The defendant also complains of the following instruction: "Where you find damages must be paid by the defendant,

in addition to the actual damages sustained you must consider what is known as exemplary damages, that is, damage to be awarded over and above those actually suffered by the plaintiff by way of punishment to defendant. In the event you find for the plaintiff and come to consider this phase of the matter, do so in the light of all the facts of the case.''

Section 3294 of the Civil Code provides that in an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to actual damages, may recover exemplary damages. While exemplary damages need not be demanded by that name in the complaint, it is necessary that the facts justifying a recovery of such damages be pleaded (*Moore* v. *Hopkins,* 83 Cal. 270, 274 [17 Am. St. Rep. 248, 23 Pac. 318]; *Syfert* v. *Solomon,* 95 Cal. App. 228 [27 Pac. 810]; 17 Cor. Jur., Damages, sec. 309, p. 1005); and in actions for a breach of a marriage promise something more than a mere refusal without sufficient excuse to perform the contract must be shown in order to authorize such an award (*Goddard* v. *Westcott,* 82 Mich. 180 [46 N. W. 242]; *Baumle* v. *Verde,* 33 Okl. 243 [Ann. Cas. 1914B, 317, 41 L. R. A. (N. S.) 840, 124 Pac. 1083]; *Dupont* v. *McAdow, supra; Chellis* v. *Chapman,* 125 N. Y. 214 [11 L. R. A. 784, 26 N. E. 308]). It has also been held that in the absence of such allegations it was error to award punitive damages though the evidence showed malice and oppression on the part of the defendant (*Lorenz* v. *Hunt,* 89 Cal. App. 8, 16 [264 Pac. 336]). In the present case the complaint contains no allegations of fraud or deceit, or that the defendant entered into the engagement with no intention of performing or was actuated by evil motives, nor does the evidence establish any of these facts or more than a refusal without sufficient excuse to perform the contract. Under such circumstances, as held in *Moore* v. *Hopkins, supra,* the instruction was erroneous.

The jury was further instructed as follows: "If you find that a promise of marriage was made in this case and breached, and considering the question of damages, by way of mitigation thereof you can take into account any indelicate and unbecoming conduct, if any has been shown,

on the part of the woman the plaintiff.'' It is claimed that by this instruction the jury was erroneously charged that evidence of plaintiff's conduct was material only on the question of damages. There was no error in the instruction for, as above stated, her want of chastity was not pleaded as a defense to the action, and such evidence could only be considered in mitigation of damages.

Injury is not presumed from errors of law (*Vallejo etc. R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545 [147 Pac. 238]). It must appear affirmatively after an examination of the entire case, including the evidence, or from the intrinsic nature of the error itself in order to justify a reversal (Const., art. VI, sec. 4½). But after examining the evidence, and considering the nature of the case, we are of the opinion that the errors mentioned, namely, the refusal to permit evidence of plaintiff's sexual relations with other men, the rejection of testimony in rebuttal as to defendant's financial condition, and the instruction that the jury might return a verdict for exemplary damages, were prejudicial; that it is reasonably probable that the same materially affected the action of the jury and resulted in a miscarriage of justice.

The judgment is reversed.