LUCÍA ORTIZ ETC., Plaintiff and Appellee, *v.* FRANCISCO MARTORELL, Defendant and Appellant.

No. 12162. Resubmitted May 12, 1958.—Decided June 27, 1958.

526

*Domínguez & Domínguez* for appellant. *Sergio Peña Clos* for appellee.

PER CURIAM.

The Superior Court entered judgment granting the complaint in an action of filiation and for support filed by the minor Lucía Ortiz against Francisco Martorell, ordering the latter to pay costs and $500 as attorney's fees, after making the following:

### "FINDINGS OF FACT

"1.—That on or about the years 1934 and 1935 the defendant Francisco Martorell had sexual relations with Felícita Ortiz in Maunabo, and that as a result of said relations, on March 16, 1935, Lucía Ortiz was born.

"2.—That at the time of the conception of said minor, Felícita Ortiz, plaintiff's mother, as well as the defendant Francisco Martorell, were single and had no legal impediment to marry each other. When the minor was born Francisco Martorell had already married his present wife, Herminia Cádiz, on December 29, 1934 in Maunabo, Puerto Rico.

"3.—That Felícita Ortiz and the defendant did not live in public and visible concubinage, although they did have marital

relations during the period already specified. Lucía Ortiz's mother, Felícita Ortiz, testifies that the defendant used to visit her at night but that as a general rule he slept in the home of his parents where he continued leading a family life.

"4.—That the defendant engaged and paid María Inés Laboy, a midwife of the town of Maunabo, Puerto Rico, to take care of Felícita Ortiz when she gave birth to Lucía Ortiz, plaintiff herein.

"5.—That the result of a blood grouping test (Blood Serum Test to Investigate Paternity) of the plaintiff Lucía Ortiz, of Felícita Ortiz, the plaintiff's mother herein and of Francisco Martorell, made at the request of the defendant, places Lucía within the group of possible offspring of the Martorell-Ortiz marital combination.

"6.—That the defendant has treated Lucía publicly and privately as his natural daughter, giving her the treatment, love and consideration of a daughter, to the point that he used to take her to his business in Maunabo, to help him there, treating her as his own daughter.

"7.—While the defendant was away in a pleasure trip to the United States, he sent postcards to the minor Lucy Ortiz, beginning the salutations with the phrase 'My dear Lucy.'

"8.—That Francisco Martorell had cared for the needs and support of Lucía Ortiz although not within the standard of his economic situation, since he is the owner of different properties and a prosperous farmer.

"It seems fitting to point out here the marked resemblance between the defendant and the plaintiff minor, especially the features of both. See *Montañez* v. *Rodríguez,* 67 P.R.R. 198, 200."

█ The first error assigned on appeal is that the trial court erred in deciding that on or about 1934 and 1935, the defendant Francisco Martorell had sexual relations with Felícita Ortiz in Maunabo and that as a result of said relations Lucía Ortiz was born on March 16, 1935.

The error was not committed. The testimony of the plaintiff minor's mother establishes the necessary facts to support the conclusion contested herein, and this testimony is not so unlikely as to warrant our disturbing the weighing of the evidence made by the trial judge, who was in a better

position to judge its credibility. *Wolff* v. *Hernández*, 76 P.R.R. 608; *Ramos* v. *Rosario*, 67 P.R.R. 641; *Rivera* v. *Casiano*, 68 P.R.R. 177, 184; *Latorre* v. *Cruz*, 67 P.R.R. 696, 705; *Jiménez* v. *Fletcher*, 67 P.R.R. 153, 157; *Torres* v. *Perea*, 66 P.R.R. 164, 168; Rule 52(a) of the Rules of Civil Procedure. We are not convinced that the trial judge committed manifest error in the weighing of the evidence. *Cf. U. S.* v. *U. S. Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, and therefore, on appeal we will not disturb his conclusions. *Palmer* v. *Barreras*, 73 P.R.R. 266; *Sierra, Commissioner* v. *Morales*, 72 P.R.R. 647; *Varela* v. *Fuentes*, 70 P.R.R. 838; *López* v. *Rodríguez*, 68 P.R.R. 700.

The second error attacks the finding that the defendant engaged and paid María Inés Laboy, a midwife of the town of Maunabo, Puerto Rico, to care for Felícita Ortiz when she gave birth to Lucía Ortiz, the plaintiff herein.

The appellant argues that (1) that finding is not supported by the evidence, (2) no credit should be given to the midwife's testimony because it is contradicted by other documentary evidence and (3) said evidence, although believed, does not entail any act of recognition. We disagree. There was sufficient proof to support the finding contested on appeal. The fact that there exists other evidence partly contradicting the midwife's testimony is not sufficient to charge the trial judge with manifest error in the weighing of evidence. *Rundle* v. *Fraticelli*, 60 P.R.R. 249. These discrepancies affect the probative value of the evidence but are not ground for excluding the testimony. *Deliz* v. *Deliz*, 40 P.R.R. 72. Although according to law where the testimony of a witness is partly false, the others will be placed in doubt, it does not mean that those other parts shall necessarily be excluded. *People* v. *Nieves*, 57 P.R.R. 769; *People* v. *Soto*, 73 P.R.R. 52, 77; *People* v. *Sprague*, 53 Cal. 491, 494. The maxim *"falsus in uno, falsus in omnibus,"* should not be applied here. The principle prevailing here strictly says that the jury *may*, not that they *must*, disregard the testimony.

*People* v. *Ortiz,* 45 P.R.R. 810; *Quintana* v. *Capital of Puerto Rico,* 51 P.R.R. 103, 109; 3 Wigmore on *Evidence,* at 1008, 1013, 1014.

Lastly, we will say that although the fact that a midwife's services are required and subsequently paid, does not by itself establish the filiation, yet taken together with other facts it has probative value and is material to the action. *Mártir* v. *Hernández,* 73 P.R.R. 128; *Colón* v. *Heirs of Tristani,* 44 P.R.R. 163; *Alicea* v. *Antuñano,* 50 P.R.R. 880; *Delannoy* v. *Heirs of Cividanes,* 53 P.R.R. 108. The second error, therefore, was not committed either.

■ The third assignment alleges that it was error to take into consideration the result of the "Blood Serum Test to Investigate Paternity" which places the plaintiff minor within the possible group of offspring of the Martorell-Ortiz marital combination.

Admitting that the said test was not introduced as evidence and if it had, it would not have constituted affirmative evidence of the paternity, *Blood Grouping Test,* Annotation in 46 A.L.R. 2d 1000; *Díaz* v. *Hernández,* 75 P.R.R. 483, 489; *United States* v. *Shoughnessy,* 220 F. 2d 537; Ross, *The Value of Blood Tests as Evidence in Paternity Cases,* 71 Harv. L. Rev. 466, the error was harmless and should not call for the reversal of the judgment, because "the trial judge had under consideration sufficient evidence, independent of the blood type tests to establish paternity." *Díaz* v. *Hernández, supra* at 490.

■ The fifth error is devoid of merit. The plaintiff's declaration explaining in detail the acts of recognition performed by the defendant Martorell and family was admissible in evidence and did not constitute, as the appellant alleges, self-serving declaration. See McCormick on *Evidence* (1954 ed.) at pp. 588–89. The appellant cites the cases of *Salas* v. *Doe,* 75 P.R.R. 537 and *Vargas* v. *Jusino,* 71 P.R.R. 362, which establish the rule that the possession of status to which § 125 of the Civil Code (31 L.P.R.A.

§ 504 (2) ) refers is the public reputation which a child bears in relation to its natural father, where this reputation is formed by direct acts of the father himself or his family, showing a true voluntary act of recognition. Nevertheless the rule does not mean that the child's testimony on the acts of recognition of the father and his family towards the child is inadmissible. In other words, such acts should be proved by means of the testimony of any competent witness, including the child itself, and by any other admissible evidence and not by the acts of the child towards the father and his family.

 The essence of the fifth assignment is that the lower court erred (1) in finding that the paternity had been proved, and (2) in considering proven the uninterrupted possession of status of natural daughter. To establish the paternity of the claimant daughter, the testimony of her mother was sufficient. *Sánchez* v. *Díaz*, 78 P.R.R. 771, 774; *People* v. *Cáceres*, 65 P.R.R. 344 and *People* v. *De Jesús*, 57 P.R.R. 694. And as to the proof of uninterrupted possession of status of natural daughter, the evidence presented by the plaintiff was sufficient either under the rule of strong and convincing evidence—*Santiago* v. *Martínez*, 72 P.R.R. 873; *Vargas* v. *Jusino*, 71 P.R.R. 362; *Ortiz* v. *Dragoni*, 59 P. R. R. 14; *Torres* v. *Heirs of Caballero*, 39 P.R.R. 654, and *Méndez* v. *Martínez*, 21 P.R.R. 238—or under the rule of preponderance of evidence, *Sánchez* v. *Díaz*, 78 P.R.R. 771 and *Figueroa* v. *Díaz*, 75 P.R.R. 152, 182–83. Here there was evidence to the effect that the defendant Martorell had sexual relations with Felícita Amaro Ortiz, from March 1934 up to the early months of 1935; that as a result of those relations Felícita became pregnant and gave birth on March 16, 1935 to a girl, the plaintiff herein; that Martorell obtained and paid for the services of the midwife that ·attended Felícita during childbirth and that Martorell gave Felícita three or four dollars a week but that after Lucy's birth he gave her "four or five dollars and money for milk

and everything she needed, until six months ago"; that Martorell provided Lucy with clothing and shoes and also cash while she was studying; that when Lucy went to the University, Martorell gave her clothing and shoes and also paid thirty dollars for boarding. There was also evidence in the sense that Martorell treated Lucy with the affection and love of a father. He took her to the movies, to the ball games, on drives with his wife and once had her working in his store; that Martorell's mother treated Lucy as her granddaughter and the rest of Martorell's family treated her as a relative; that Lucy went almost every day to see Martorell's mother and other relatives of his; that when Martorell's father died, she made Lucy wear mourning for six months; that Martorell caressed and kissed Lucy, introduced her to his relatives and the Three Kings brought her toys at his house.

We believe that there is sufficient evidence to establish plaintiff's filiation as the acknowledged natural daughter of the defendant. See *Salas* v. *Doe*, 75 P.R.R. 537; *Mártir* v. *Hernández*, 73 P.R.R. 128; *Santiago* v. *Martínez*, 72 P.R.R. 873; *Bianchi* v. *Heirs of Bianchi*, 67 P.R.R. 557; *Cruz* v. *Carrasquillo*, 61 P.R.R. 422; *Colón* v. *Heirs of Tristani*, 44 P.R.R. 163; *Bernier* v. *Heirs of Honoré*, 39 P.R.R. 177; *Torres* v. *Heirs of Caballero*, 39 P.R.R. 654; *Montañez* v. *Heirs of García*, 36 P.R.R. 198; *Guadalupe* v. *González*, 34 P.R.R. 643; *Cruz* v. *Santiago*, 24 P.R.R. 100; *Jesús* v. *Sucn. of Pérez Villamil*, 19 P.R.R. 850; *Charres* v. *Arroyo*, 16 P.R.R. 777; *Desmornes* v. *Unknown Heirs of Adolfo Desmornes*, 13 P.R.R. 18. Cf. *Sánchez* v. *Díaz, supra; Vargas* v. *Jusino, supra; Ortiz* v. *Dragoni, supra; Gerena* v. *Suau*, 36 P.R.R. 151; *Serrano* v. *Olivero*, 31 P.R.R. 78; *Morales* v. *Heirs of Cerame*, 30 P.R.R. 784; *Méndez* v. *Martínez*, 21 P.R.R. 238, and *Montalvo* v. *Montalvo et al.*, 25 P.R.R. 800.

The sixth error is frivolous. In the first part of that error the appellant complains that the judge con-

cluded that while Martorell was in the United States on a pleasure trip he *sent* Lucy *postcards*, when he actually sent her only one. The truth is that Martorell admitted having sent Lucy a postcard which read: "Dear Lucy: Greetings. We remember you during all our trip. We have met girls who talk like you. Very much. Paco and Bori." ("Paco" is Martorell's nickname and "Bori" is his wife's.) It was no error to consider this fact as another link in the chain of evidence presented by plaintiff, even if it referred to one card only. In the second part of the error the appellant complains that in his findings the judge indicated the marked resemblance between the defendant and the plaintiff minor, especially their features. During the trial, the plaintiff's attorney requested the judge to take into consideration precisely what the latter stated in his findings, as to the physical resemblance between both litigants. There was no such error. *Pabón* v. *Morales*, 79 P.R.R. 146, 148; *Santiago* v. *Martínez*, 72 P.R.R. 873, 875; *Mártir* v. *Hernández*, *supra* at 130; and *Montañez* v. *Rodríguez*, 67 P.R.R. 198, 200.

The last error attacks the award of attorney's fees. It was not committed. Martorell was obstinate and the trial judge so believed in making the award. Once it is decided that a losing litigant has been obstinate, the award of attorney's fees is imperative. *Castro* v. *Payco, Inc.*, 75 P.R.R. 59, 71. Nor shall we disturb in this case the discretion of the trial judge in fixing the amount of said fees.

For the reasons stated, the judgment appealed from will be affirmed.